(No. 37059.—)

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* RUSSELL LOTTA *et al.*, Appellants.

*Opinion filed March 27, 1963.*

FRANK J. SCARPELLI and DAVID S. CHESROW, of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (HAROLD G. ANDREWS and RICHARD E. QUINN, Special Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an action to condemn land in Stephenson County

to widen a public highway. The defendants, owners of the land affected, have appealed directly to·this court from the judgment fixing their compensation.

The defendants owned two tracts of land, described in the record as the dance hall property and the tavern property. A portion of each tract was taken, and the jury separately determined as to each tract, the value of the land taken and the damage to the remainder. The alleged error upon which defendants chiefly rely relates to only one of these four determinations.

The defendants produced two expert witnesses to testify to the value of the lands. One of these witnesses, Matthew A. Marvin, stated upon cross-examination that his opinion concerning the value of the dance hall property, as it related to the damage to the remaining land, had been reached by adding the value of the building and the value of the land. Upon the plaintiff's motion, the trial court ordered the testimony of the witness stricken in so far as it related to damage to the remaining dance-hall property. His testimony concerning the value of the portion of the dance-hall property taken, the tavern property taken, and the damage to the remainder of the tavern property was allowed to stand.

The judge did not err in striking the testimony. The measure of recovery for damage to private property caused by a public improvement is the loss which concerns the property itself. (*County Board of School Trustees* v. *Elliott*, 14 Ill.2d 440.) The fair market value of the land before the taking was a controlling factor in the determination. We have consistently held that the fair market value of improved property is not the sum of the value of the building and the value of the land computed separately. For this purpose, the whole does not necessarily equal the sum of the parts. The value of unimproved land, adaptable for any use, may diminish, as land, when improved by the construction of a building and so committed to a particular

use. For similar reasons, the construction of a building may not produce an increment in value equal to its cost, since the improvement may not be desirably situated. To avoid misleading and confusing the jury, the evidence may properly be confined to the value directly at issue, that is, the value of the improved land as a whole.

The rationale of the rule was explained by the trial judge, in denying the defendants' motion for a new trial, as follows: "The reason for this rule is quite apparent To illustrate by an extreme example, let us suppose that someone was to build a ten-story office building on a piece of land far out in the country. It would be quite obvious that the building would have little value because there would be no demand for its use, and the market value of that premises with the ten-story building upon it would be quite different from the value of the land plus the depreciated value of the building. The fact that Mr. Marvin's appraisal was substantially higher than any of the other expert witnesses may well have been because of the formula that he used of adding the value of the land and the building to arrive at his appraisal figure."

Applying this principle in this court, we have found no error in the striking of the testimony of an expert based on the separate value of the land and buildings, since "the fair cash market value of improved real estate is not necessarily a total of the separate land and building appraisals." (*City of Chicago* v. *Giedraitis,* 14 Ill.2d 45, 51.) And we have held it is not error to exclude "evidence relative to the depreciated reproductive value of the improvements located on the premises" and of "the valuation of the lot on which the improvements were located," since it is the value of the improved land as a whole, not the separate values, which controls. (*Chicago Land Clearance Com.* v. *Darrow,* 12 Ill.2d 365, 373.) Applying the same principle, we have sustained the exclusion of evidence of the value or reproduction cost of the building "separate and apart from the

value of the land itself." (*Department of Public Works and Buildings* v. *Pellini,* 7 Ill.2d 367, 373; *City of Chicago* v. *Callender,* 396 Ill. 371, 381.) Where such evidence has been received over objection, we have reversed, whether an expert opinion has been based on the value of the buildings separate from the land, (*Department of Public Works and Buildings* v. *Divit,* 25 Ill.2d 93, 99-100), or evidence of the value of the building was received "without any showing being made that the market value of the property as a whole was enhanced to the extent of such figure or in any other amount." *Forest Preserve District* v. *Chilvers,* 344 Ill. 573, 578.

After cross-examination disclosed that his opinion was reached by adding the value of the land and the value of the building and after the trial had adjourned for a day, an offer of proof was made to the effect that he had independently arrived at the same figure by considering the value of the improved land as a whole. The trial judge was in a better position to evaluate these circumstances, and we are not in a position to say that it was error to reject the offer of proof.

Upon the defendants' motion, the court also struck a portion of the testimony of one of the petitioner's expert witnesses which appeared to be based on misleading comparisons of improved land with vacant lands. It appears from the record that the judge scrupulously and impartially sought to apply evidentiary principles to protect the jury from confusion.

The defendants also complain that the court erred in excluding a map or sketch of the premises in issue prepared by one of the defendants, while an inaccurate map or chart offered by the plaintiff was admitted. Whether a map constitutes a fair representation of the facts or is only an argument in graphic form is a matter for the trial judge to decide in the first instance. The judge here found the defendants' proffered map misleading since it failed to show

the rear portion of the premises and contained lines for automobile parking lanes which were not on the site. The jury viewed the premises, and it does not appear that this ruling could have obstructed the jury's opportunity to make an adequate and fair appraisal of the lands.

The jury's determinations on all four items of recovery were within the range of the testimony. Under these circumstances, the verdicts will not be disturbed unless shown to be the product of passion, prejudice, or palpable mistake. (*County Board of School Trustees* v. *Boram,* 26 Ill.2d 167, 171-172; *City of Chicago* v. *Giedraitis,* 14 Ill.2d 45.) No reason has been shown to disturb the verdicts here, and the judgment is affirmed.

*Judgment affirmed.*