City of Chicago in Trust for the Use of Schools, Plaintiff-Appellee, v. The Exchange National Bank of Chicago, as Trustee Under its Trust No. 1765, Defendant-Appellant.

Gen. No. 50,119.

First District, Second Division.

November 16, 1965.

Myer H. Gladstone, of Chicago, for appellant.

James W. Coffey and Frank S. Righeimer, of Chicago (Richard E. Girard, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This is an appeal from a judgment on a verdict in a condemnation case awarding defendant $25,500 as just compensation for the taking of its improved real estate located at 612 South State Street, Chicago, by the City of Chicago in trust for the use of schools. Plaintiff filed a petition to condemn eight adjoining parcels of land located on lots 25-feet-wide and 108¼-feet-deep on the west side of South State Street in the block between Harrison Street on the north and Polk Street on the south, for the Jones Commercial School. The lots extend westward to a 16-foot alley. All the lots were improved with buildings constructed during the period from 1873 to 1910 and consisted of four rooming houses, one burlesque theater, one movie house, one cafeteria (converted theater) and one three-story store and loft building, used as a pawn shop and for storage. Two of the eight buildings had taverns on the first floor and another two had lunch rooms on the first floor. Parking lots occupied all of the east side of State Street across from the condemned property. Two others of the eight parcels were contested and tried with the subject property. One of these, the burlesque house, was settled after evidence was heard but before the case went to the jury. The other, a cafeteria, formerly a movie house, remained in the case for a verdict and judgment but there was no appeal.

The general neighborhood was described by defendant's witness Mr. Hartwig in response to a question from defendant's attorney as "not the best neighborhood but I think it is far superior to what we call skid row, which I refer to as West Madison Street." Witness Hokanson, for plaintiff, testified that the area had not improved much through the years. The jury viewed the subject property, which is parcel 3 at 612 South State Street, on the west side of the street, a lot 25 feet in width and 108¼-feet deep. On it was a 75-year-old brick building, three stories and a basement, with party walls on its north and south sides. The building practically covers the entire area. Its floors were of wood except the basement which was of dirt. The stairs leading from the first to the second and the second to third floors were wooden. Parts of the building were in fair condition and other parts in poor condition. The first floor was used for a pawn shop office and storage. The second floor also was used for storage and had a burglar alarm system. The third floor was unoccupied and at one time was used for living quarters. The lighting on the first floor consisted of four tube fluorescent lighting fixtures dropped from the ceiling on stems. The second floor had open bulb lighting hanging from the ceiling. There were some toilet facilities. A steel beam runs the whole length of the building with adjustable steel posts to carry the weight of the stock and a safe in the back of the store. The first floor and the mezzanine are in good condition. The rear half of the second floor is in good condition and the balance is in "fair condition." The building was at the time of the trial owner-occupied as a pawn shop. A suspended gas-fired, forced-air blower heats the first floor.

The defendant, in arguing for a reversal and a new trial, says that the judgment for $25,500 is against the manifest weight of the evidence. Plaintiff answers that the verdict of the jury, which viewed the premises, is

within the range of the evidence and should be sustained. The testimony of plaintiff's only valuation witness, Harry L. Shlaes, placed a valuation of $25,000 on the subject property. The only valuation witness of the defendant testified to a valuation of $52,000. Shlaes has been a real estate manager, broker and appraiser for 37 years and has sold, managed and appraised numerous loop properties, including the block on the east side of South State Street almost directly across from the subject property. He has known the property and this South State Street area for 30 years. The buildings date from right after the Chicago fire to around the turn of the century. He testified that the highest and best use of the subject property was its existing use for pawn shop and loft purposes. He based his opinion of the value of the subject property on his knowledge and experience in the real estate market, his experience in managing and selling properties of the same type as the defendants in the metropolitan area and the checking of sales of comparable properties which confirmed his opinion of the value of the parcel.

Mr. Shlaes testified as to the sale of comparable property in the immediate vicinity, which was the property at 739 South State Street, one block south of defendant's property and on the east side of the street. It consisted of a lot 40 by 138.5 feet and like defendant's property was improved with a three-story and basement brick loft building. This comparable property was sold for $25,000 on October 6, 1961. No question was raised to its comparability and defendant offered no sale of any comparable improved property.

There was another sale of improved property that was in the case when it went to the jury. That was the theater building operated as a burlesque house at 616 South State Street, two doors south of the subject property. The parcel known at 616 South State Street consisted of a lot 25 feet by $108\frac{1}{4}$ feet improved with

a brick building covering almost the entire lot, part of which was two stories in height. The building was in good condition with central heating and was purchased in November 1959, for $20,250 cash, after having been listed with brokers and advertised for sale.

On cross-examination, Mr. Shlaes based his opinion of the fair cash market value both upon his definition thereof and his personal experience. In determining the fair market value of the subject property Mr. Shlaes capitalized the net income on a 10% basis. In his opinion the rental value unheated is $400 per month or $4,800 per year. From this he deducted taxes of $1,915, exterior maintenance of $200, insurance premiums amounting to $200, a 5% management fee of $240, making a total of $2,555. He said that the net income based upon his opinion of the rental value is $2,245, which capitalized on a 10% basis is $22,500. He thought a 10% capitalization basis is fair.

Oliver Hartwig, the appraisal expert for the defendant testified that he had been in the appraisal business since 1948. He was an appraiser for approximately four years with the United States Veterans' Administration from 1926 to 1928. He was a licensed real estate broker, but gave that up when he went into the appraisal business. He examined parcel 3, the subject premises. The site is 100 feet south of Harrison Street facing on State Street with a subway entrance in front. The building is stove heated throughout with the exception of a first floor which has a suspended unit heater, gas-fired. He testified that in his opinion the fair cash market value of the subject property is $52,000. His valuation of $52,000 is based on his examination of the building. He had no sales or management experience and had not appraised any State Street property. Mr. Shlaes, plaintiff's appraisal expert, has had a wide general experience as an appraiser and broker of real estate, a wide knowledge of the highest and best use of the State

460

Street area and particularly parking lot knowledge acquired through sales, leases and managing of parking lot properties. Mr. Shlaes' valuation testimony was based on 'his knowledge and experience in the real estate market, his experience managing and selling properties of the t,pe involved, checking the sales of comparable properties, which confirmed his opinion of the value of the subject property and on the capitalization of the net income. It is the rule in this State that where damages are awarded by a jury, in a proceeding in which the evidence is conflicting and the jury views the premises and fixes the amount of compensation within the range of evidence, its verdict will not be disturbed unless there has been a clear and palpable mistake or the verdict was the result of passion and prejudice. Trustees of Schools of Tp. No. 36 v. LaSalle Nat. Bank, 21 Ill2d 552, 556, 173 NE2d 464; Forest Preserve Dist. of Cook County v. Collins, 348 Ill 477, 181 NE 345; Forest Preserve Dist. of Cook County v. Dearlove, 337 Ill 555, 169 NE 753; Jefferson Park Dist. v. Sowinski, 336 Ill 390, 168 NE 370. We are of the opinion that the verdict was within the range of the testimony. There is no claim that the jury was influenced by passion or prejudice. There was evidence as to the value and use of the real estate on the east side of South State Street extending south from Harrison Street immediately across from the subject property. The lots on the east side of South State Street extend to a depth of 138.5 feet. The lots on the east side of State Street are closer to Wabash Avenue and to the Michigan Avenue hotels. The trial judge declined to permit cross-examination of Mr. Shlaes about the sale of the vacant tract of land at the southeast corner of State and Harrison Streets with 200-feet frontage on the east side of State Street and 138.5-feet-deep. The trial court properly found in accordance with the adjudicated cases that the sale should be excluded. The trial court's ruling was consistent with the decision in City of

461

Waukegan v. Stanczak, 6 Ill2d 594, 129 NE2d 751, where the court in excluding an offered sale said at p 607:

"Neither in size nor potential use was there similarity, and while size alone may, in a case of similar use, be no basis for excluding evidence of comparative sales, where the size is less than 1/30 of the tract in question and a different use involved, we cannot say it was error to exclude such a varied comparison."

See also Forest Preserve Dist. of Cook County v. Alton R. Co., 391 Ill 230, 62 NE2d 701; Forest Preserve Dist. of Cook County v. Chilvers, 344 Ill 573, 176 NE 720; Sanitary Dist. of Chicago v. Boening, 267 Ill 118, 107 NE 810. Defendant has cited Department of Public Works and Buildings v. Diggins, 374 Ill 11, 27 NE2d 826; as authority for admission in evidence in the case at bar of sales of property on the opposite side of State Street whose highest and best and actual use was for a public parking lot. In Diggins the property whose sale was admitted in evidence, although vacant, was adaptable for the same use as the condemned property. In the case at bar there was no such similarity. No witness in the case at bar testified that the improved subject property had any adaptability for use as a parking lot. Neither valuation witness so testified. Each witness disclosed that he considered that the three-story stone and brick building on the subject property added substantial value to the 25 by 108¼-foot lot on which it stood and that the parcel's highest and best use was for its present use, pawn shop and storage. The language used in opinions must be viewed in the light of the facts of the particular case. The highest and best use of the 200-foot parcel on the southeast corner of State and Harrison was admittedly for automobile parking. Its size made it especially adaptable for this purpose. The defendant's parcel was improved with a three-story loft building

one-tenth the size of the corner parking lot and there was no testimony that the subject parcel was adaptable for parking lot use or had a potential use for this purpose. We do not think that the court erred in excluding this testimony.

No challenge was made of the sale of the comparable property at 739 South State Street, which sale was brought out on cross-examination of witness Shlaes by defendant. That was a 40 by 138.5-foot lot improved with a three-story brick loft building similar to the structure of that of the subject parcel. The sale price was $25,000.

■ ■ In the cross-examination of witness Shlaes, the defendant went into the method of fixing the fair cash market value of the property by giving separate values for land and buildings of the subject parcel. The trial court's refusal to permit this inquiry is supported by the Illinois authorities. In Department of Public Works and Buildings v. Lotta, 27 Ill2d 455, 189 NE2d 238, the court said at p 456:

> "We have consistently held that the fair market value of improved property is not the sum of the value of the building and the value of land computed separately. For this purpose, the whole does not necessarily equal the sum of the parts. The value of unimproved land, adaptable for any use, may diminish, as land, when improved by the construction of a building and so committed to a particular use. For similar reasons, the construction of a building may not produce an increment in value equal to its cost, since the improvement may not be desirably situated. To avoid misleading and confusing the jury, the evidence may properly be confined to the value directly at issue, that is, the value of the improved land as a whole."

463

The defendant charges that Mr. Shlaes falsely included in his estimated expenses an item for management although the owner managed the property himself and did not incur management expenses. To paraphrase the opinion in Department of Public Works and Buildings v. Pellini, 7 Ill2d 367, 372, 131 NE2d 55, there is nothing to show that the estimates used by Mr. Shlaes were unreasonable in regard to what a prospective purchaser would likely need to spend in utilizing the property. The defendant in the case at bar did not challenge the propriety of this method by introducing evidence of an accepted contrary practice.

In support of its motion for a new trial the defendant offered two affidavits. The court denied the motion for a new trial and ordered that the affidavits be stricken. The court did not err in refusing to consider these affidavits. The matter set out therein was discoverable prior to trial upon the exercise of reasonable diligence.

The judgment is affirmed.

Judgment affirmed.

BRYANT and LYONS, JJ., concur.