The Department of Public Works and Buildings of the State of Illinois for and on Behalf of the People of the State of Illinois, Petitioner-Appellant, v. Fred A. Bills, a/k/a F. A. Bill, a/k/a Fred A. Bill, a/k/a Frederick A. Bill and Darlene Bills, Defendants-Appellees.

Gen. No. 64–69.

Third District.

December 29, 1965.

William G. Clark, Attorney General, of Chicago (Harold G. Andrews, Richard E. Quinn, and Bruno P. Bernabei, Special Assistant Attorneys General, and A. Zola Groves, Assistant Attorney General, of counsel), for appellant.

McNeilly & Olivero, of Peru (Louis E. Olivero, of counsel), for appellees.

STOUDER, J.

This is an appeal from a judgment of the Circuit Court of Bureau County entered pursuant to a jury verdict in an eminent domain proceeding.

Appellant commenced this action on February 4, 1963, to condemn 23.81 acres of the land of Appellee asking that just compensation be determined for the acreage to be acquired and that damage to property not taken be determined. Pursuant to appropriate procedure, title to the property to be acquired was vested in Appellant. The jury found in the amount of $10,900 as just compensation for the land taken and the amount of $10,500 as damage to the remainder. No question is raised on this appeal concerning compensation for land taken nor is any question raised concerning the pleadings.

Prior to February 4, 1963, Appellee owned 396 acres of farmland in Bureau County. A township road known as Illinois State Aid Route 15, running generally north and south, divided the farm into two parcels, 40 acres being on the west side of Route 15 and the remainder being on the east side of Route 15.

The improvement necessitating this action is the construction of Federal Aid Interstate Route 80 together with the widening of Route 15, an overpass for Route 15 over Interstate Route 80, a frontage road and also the extinguishment of certain access rights.

Interstate Route 80 runs generally east and west, crossing Appellee's land on the southerly portion leaving two small parcels of the remainder of Appellee's land totaling approximately four and one-half acres without access to a road, or landlocked. Each of the parcels is located south of Interstate 80, one east and the other west of Route ·15. The base of the embankment carrying Route 15 over Interstate 80 is approximately 18 to 20 feet from the tenant house located on the east side of Route 15 on the remainder owned by Appellee.

At the hearing an engineer and two appraisers testified in behalf of Appellant. Appellee, Fred Bills, testified in his own behalf, Watson Lawton, testifying as the sole valuation witness, for Appellee. Each of the appraisers testified as to the value of the remainder before and after

172

the improvement. The appraisers for Appellant testified respectively that the remainder was damaged in the amount of $5,600 and $6,400 as a result of the taking and improvement. It was the opinion of the appraiser for Appellee that the damage to the remainder was $13,026.

After Appellee's appraisal witness had completed his testimony Appellant moved to strike the appraiser's testimony on grounds that his opinion of value was based on improper elements and hence his testimony was incompetent and inadmissible. This motion was denied.

Appellant filed its post-trial motion for a new trial asserting that the Court had committed prejudicial error in the admission of the testimony of Watson Lawton, Appellee's appraiser, said testimony being incompetent and inadmissible because his opinion of value was based on improper elements of damage. Upon a denial of the post-trial motion this appeal follows.

The errors upon which Appellant relies, concern only the testimony of Appellee's appraiser as to his opinion of the value of the land after, and as a result of the taking and the improvement, and, consequently, the damage to the remainder.

Both parties concede that if the appraiser's testimony was competent and admissible then the judgment of the Court below is proper and if said testimony was incompetent and inadmissible then the judgment of the Court below is erroneous. The sole question before us is whether or not Appellee's appraiser considered only proper elements or factors of damage in arriving at his opinion of the value of the remainder after the taking and improvement.

Appellant contends that the improper elements of damage considered by Appellee's appraiser were the surface drainage; the increased traffic on Route 15 and the greater risk of transporting grain and machinery across Route 15.

173

■ Damage to land not taken depends on the existence of a direct, physical disturbance of a right, either public or private, which the owner enjoys in connection with his property. This right must give the property an additional value and its disturbance create special damage in excess of that sustained by the public generally. (Illinois Power & Light Corp. v. Peterson, 322 Ill 342, 153 NE 577.) Such damage must be direct and proximate and not such as is merely possible or may be conceived by the imagination. (Trunkline Gas Co. v. O'Bryan, 21 Ill2d 95, 171 NE2d 45.)

We have examined the record before us for any evidence from which it can reasonably be inferred that the remainder sustained depreciation in value resulting from interference with surface drainage. The only evidence in the record concerning drainage is the testimony of the engineer for Appellant. He testified that a 24-inch culvert would be installed under Interstate Route 80 and a 12-inch culvert under the frontage road. He further testified that the culverts were adequate to take care of a 3-inch rainfall occurring within a period of 60 minutes. There is nothing in the testimony of the engineer from which it can be inferred that the improvement including the culverts, or the taking, had any effect on the remainder either adversely or beneficially. In considering the testimony of Mr. Bills, the owner of the land, we find that drainage is not even mentioned. Lawton, the valuation witness for Appellee, mentioned surface drainage in response to a question put to him on cross-examination as to whether he considered any other elements in arriving at his opinion of value. His mention of surface drainage in this connection was without amplification, explanation or foundation either in his own testimony or that of others.

Although counsel for Appellee has, in his brief and argument, strenuously urged the existence of serious surface drainage problems, nevertheless he has wholly

174

failed to point to any evidence in the record nor do we find any such evidence from which it can reasonably be inferred or implied that the improvement or the taking in any way affected or interfered with the surface drainage. On this state of the record, Lawton's consideration of surface drainage was without foundation or basis in the evidence. We can only conclude that under these circumstances any consideration of surface drainage would be remote, speculative and conjectural. Thus we find that in this respect Lawton's opinion was based on an improper element of damage.

We next consider Appellant's contention that appraiser Lawton, in arriving at his opinion of the depreciated value of the remainder, improperly considered increased traffic on township road 15 and the fact that it would be more difficult and riskier to transport machinery and grain across said road. Lawton testified that he considered increased traffic on Township Route 15 because the construction of Interstate Route 80, a freeway, necessitated the termination of several north-south township roads at Interstate 80. The through traffic on these township roads, lying east and west of Route 15, would be thereby diverted to Route 15.

Appellant argues that landowners have no property right in the flow of traffic abutting their property; that the regulation of traffic, including the increase or decrease thereof, is an exercise of the general police power of the State, not resulting in compensable damage to the lands of abutting property owners; and that based on the evidence in the record any consideration of increased traffic or difficulty or risk therefrom is remote and speculative.

 This Court has frequently had occasion to consider the actions of the State in its control and management of our public highway system in such cases as, Ryan v. Rosenstone, 20 Ill2d 79, 169 NE2d 360, and cases cited therein. The installation of medial dividers

175

and the regulation of traffic generally, have been upheld as being an appropriate exercise of the police powers of the State. The exercise by the State of its power and authority to provide for the public safety, convenience and necessity does not give rise to compensable damage under Section 13 of article 2 of our Constitution, SHA.

In Department of Public Works and Buildings v. Mabee, 22 Ill2d 202, 174 NE2d 801, the Court recognized that land on which a business was located, such as a gasoline filling station, could be seriously affected by the diminution of traffic in front of the land and business. In that case it appeared that the installation of insurmountable medial barriers might reduce traffic as much as one-half of its usual flow. Nevertheless the Court concluded that the installation of medial barriers and the consequent diversion of traffic flow was an appropriate exercise of the State's police powers and even though actual damage might occur such damage was not compensable within the terms of the constitutional mandate. Although in this case the change in the flow of traffic, resulting from the improvement, was a decrease of traffic, nevertheless we are unable to find any distinction between an improvement which results in a decrease and one which results in an increase in traffic. In either case the improvement results in a modification of the traffic flow.

Since an abutting landowner has no property right in the flow of traffic past his premises, it follows that a modification of such flow of traffic by an increase thereof is a valid exercise of police power and does not result in compensable damage to the abutting land. Accordingly increased traffic is an improper element to be considered in determining the depreciated value of land not taken.

In Department of Public Works and Buildings v. Caldwell, 301 Ill 242, 133 NE 642 and Department of Public Works and Buildings v. Griffin, 305 Ill 585, 137 NE 523, our Supreme Court considered the depreciation in value of

176

land not taken where the abutting landowners either owned land or pursued their business activities on both sides of the proposed highway. In each case the Court rejected the abutting landowners' contentions that the danger and inconvenience of crossing the highway were proper elements to be considered in determining the depreciated value of the remainder. The Court concluded in these cases that the dangers of crossing a public highway were too remote or speculative and that such dangers were merely possible and not reasonably probable.

██ We believe that the principle announced in the aforementioned cases is applicable to the instant case and that it was improper for appraiser Lawton to speculate concerning the supposed consequences of crossing the township road.

██ ██ It is settled that where opinions of witnesses in condemnation cases are based in part upon elements of damage which cannot legally be taken into consideration as well as upon elements which could properly be taken into consideration, these opinions do not form a proper basis for a verdict (Illinois Power & Light Corp. v. Cooper, 322 Ill 11, 152 NE 491). Since the Appellee's sole valuation witness included improper elements of damage in his opinion of the depreciated value of the remainder, his testimony was incompetent and the trial court should have granted Appellant's motion to strike his testimony. The verdict of the jury being in excess of the range of the competent testimony on the issue of damage to land not taken is therefore erroneous. The errors urged in this appeal are directed solely to that part of the judgment and verdict dealing with damages to land not taken. No error has been urged nor do we find any error in that part of the judgment and verdict awarding just compensation for land taken.

We therefore affirm that part of the judgment of the Circuit Court of Bureau County awarding just compensa-

tion for the land taken and reverse that part of the judgment awarding damages for land not taken and remand the cause for a new trial limited to the determination of damage to land not taken.

Affirmed in part, reversed in part and remanded.

ALLOY, P. J. and CORYN, J., concur.