THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellant, *v.* RICHARD H. RECKAMP *et al.,* Defendants-Appellees.

(No. 72-62; )

· Fifth District—January 19, 1973.

William J. Scott, Attorney General, of Springfield, (William P. Ryan, Assistant Attorney General, and Ben S. Urban, Special Assistant Attorney General, of counsel,) for appellant.

O'Connell & Waller, of Belleville, (Paul P. Waller, Jr., of counsel,) for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

The plaintiff appealed from a jury award in a condemnation hearing in the Circuit Court of St. Clair County. The plaintiff alleges *inter alia* that certain testimony of the defendants' appraiser should have been excluded and that the admission of such testimony was prejudicial error. We agree and for the foregoing reasons reverse and remand for a new trial.

The plaintiff brought this action to acquire a fee interest to 1,486 sq. ft. of the land of the defendants and to acquire access rights from certain additional land of defendants, asking that just compensation be determined for the areas to be acquired. Subsequently, defendants filed a cross-petition for damages to property not taken. After hearing experts for both sides, the jury returned a verdict for the defendants in the amount of $636.50 for the land taken and for $8006 for damages to the remainder. These totals coincide exactly with the testimony of the defendants' appraiser.

Each side presented appraisers to the jury. The appraisers for the plaintiff testified that the value of the strip taken was $550 for one appraiser and $442 for the other.

. The plaintiff's appraisers said the damage to the remainder was $950 and $1390 respectively. It was the opinion of the appraiser for defendants

that the damage to the remainder amounted to $8006. Defendant, Richard H. Reckamp, testified that he was damaged in the amount of $11,000.

The appraiser for the defendants was presented as an expert having made appraisals for the state highway district on almost one hundred occasions. He also is a member of the Illinois Bar and a law school graduate. After this witness testified the plaintiff moved to strike his testimony on the ground that he had segmented his valuations. It appears from the record that he placed separate values on each square foot of land, each square foot of driveway, on a cottonwood tree, a large evergreen, seven small evergreens, and on one large bush. He added all of these figures together to arrive at the total figure of $636.50 for the land taken. He also stated that his damage figure of $8006 for the land not taken was composed of $1002 for damage to the side yard, $2004 for damage to the front yard, and $5000 for the danger resulting from the driveways not conforming to the state's minimum standards. The plaintiff moved to strike this testimony and his motion was denied.

■■ The court erred when it denied plaintiff's motion to strike the testimony of defendants' appraiser. Our Supreme Court stated in the case of *Dept. of Public Works & Bldgs. v. Lotta,* 27 Ill.2d 455, 189 N.E.2d 238:

"We have consistently held that the fair market value of improved property is not the sum of the value of the building and the value of the land computed separately. For this purpose, the whole does not necessarily equal the sum of the parts. The value of unimproved land, adaptable for any use, may diminish, as land, when improved by the construction of a building and so committed to a particular use. For similar reasons, the construction of a building may not produce an increment in value equal to its cost, since the improvement may not be desirably situated. To avoid misleading and confusing the jury, the evidence may properly be confined to the value directly at issue, that is, the value of the improved land as a whole."

This court adopted the above language in *Dept. of Public Works & Bldgs. v. Atkins,* 68 Ill.App.2d 98, 215 N.E.2d 452.

The admission of such testimony may not only confuse the jury but may also lead the jury to erroneously conclude that appraisal is an exact science. The error was compounded somewhat when defendants' counsel advised the jury in his closing argument, to disregard the testimony of Richard H. Reckamp concerning his estimate of the loss sustained. The jury returned a verdict in an amount exactly equal to the damage estimate of the defendants' appraiser. We therefore conclude the admission of the objectional testimony resulted in prejudicial error requiring reversal and a new trial.

Defendants' appraiser also testified that the condemnation caused the driveway to fail to meet the minimum standards set by the state. Defendants maintain that such a non-conforming driveway is a hazard and a danger. The defendants' appraiser stated that this condition damaged the land not taken in the amount of $5000.

■■■ The defendants are clearly not entitled to any compensation for the increased traffic flow resulting from condemnation and highway widening. (*Dept. of Public Works & Bldgs. v. Bills*, 66 Ill.App.2d 170, 213 N.E.2d 110.) However, additional dangers resulting from the condemnation, which affect the property owner in a manner differently than the public in general, is a factor to be considered when determining the damage to the land not taken but should not be made part of a separate category of damages as was done in this case.

Reversed and remanded.

G. MORAN, P. J., and JONES, J., concur.