THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellee, *v.* GLEN JONES *et al.*, Defendants-Appellants.

Fifth District   No. 75-242

Opinion filed December 23, 1976.

W. C. Spomer and Stephen L. Spomer, both of Cairo, for appellants.

William J. Scott, Attorney General, of Springfield (Byron L. Connell, Jr., Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendants appeal from a judgment rendered upon a jury verdict in the Circuit Court of Alexander County in a proceeding involving the condemnation of land for highway improvements. Defendants, owners of the property affected, challenge the verdict finding just compensation for damages to the remainder in the amount of $14,250. Defendants contend that the trial court erred in overruling their objections to the admission of certain evidence regarding elements of damage to the remainder and that, as a result, the jury was improperly influenced in reaching its verdict. They raise no question regarding the verdict for damages to the land taken.

Defendants owned two tracts of land, referred to in the record as Parcel 37 and Parcel 47. All of Parcel 47 and a portion of Parcel 37 were taken. The alleged error concerns damage to the remainder of Parcel 37 on which sits defendants' restaurant and truck stop.

Defendants produced three expert witnesses who testified as to the difference in the fair market value of the remainder of Parcel 37 before and after petitioner's taking. Based on this difference each witness found damage to the remainder in the respective amounts of $96,500, $102,000 and $87,340. One of the factors taken into account by defendants' witnesses in arriving at their assessment of damage was the effect of the partial taking on an entrance to defendants' station. It was established that

after completion of the highway improvements a truck rig standing at the diesel pumps would block an entrance into defendants' truck stop and restaurant and that the maneuverability of the large truck rigs normally serviced at defendants' station would be severely restricted.

On cross-examination defendants' witness Charles Thebus, a professional appraiser, testified that in finding that the remainder of Parcel 37 was damaged in the amount of $87,340 he had assumed that a typical buyer would expect to have to relocate certain equipment in order to continue using the property as a truck stop. Thebus stated that the fuel pumps were part of the equipment that would have to be moved.

Three expert witnesses testified for petitioner. Frank Newman, a professional real estate appraiser, testified that the damage to the remainder of Parcel 37 would be $3,000. On cross-examination, Newman stated that this estimate of damage was based on the cost of relocating the fuel pumps. Petitioner's witness Jack Ebersohl, who was in the business of installing fuel tanks and pumps, testified that the diesel pumps could be moved to another location on the remainder property. Ebersohl did not indicate what the cost of such relocation would be, but did state that he submitted his cost estimates to real estate appraiser Glenn Grosse, plaintiff's final expert witness. Grosse testified that the damage to the remainder would be $3,000 based on his consideration of Ebersohl's estimate of the cost of relocating the pumps and on the fact that the east property line of Parcel 37 was somewhat irregular after the taking.

■■ Defendants contend that the trial court committed reversible error in admitting the testimony of Ebersohl and certain portions of the testimony of Newman and Grosse over defendants' objections. It is argued that this testimony was inadmissible because it amounted to an estimate of the actual cost of an individual item of damage.

The test in Illinois for determining if there is any damage to the remainder of condemned property is whether the fair cash market value of the remainder, after the taking and improvement, has been depreciated. (*Department of Public Works & Buildings v. Maddox*, 21 Ill. 2d 489, 493-94, 173 N.E.2d 448, 450.) Thus, the damage to the remainder is the difference between the fair market value of the remainder, as a part of the whole parcel prior to the taking and improvement, and the fair market value of the remainder after the taking and improvement. (*Department of Public Works & Buildings v. Barton*, 371 Ill. 11, 16-17, 19 N.E.2d 935, 937-38.) Costs incurred in making the remainder usable after the improvement are relevant, if reasonable and economical, but are not recoverable as specific items of damage in themselves. (*Department of Public Works & Buildings v. Bloomer*, 28 Ill. 2d 267, 191 N.E.2d 245; *Department of Transportation v. Galley*, 12 Ill. App. 3d 1072, 299 N.E.2d 810.) Thus, expenses that are necessary to adjust property to changed

conditions resulting from the improvement are to be considered in determining any depreciation in fair market value, but evidence as to such expenses must be specifically related to a diminution in the fair market value of the remainder. The purposes for this rule were alluded to by the Illinois Supreme Court in *Department of Public Works & Buildings v. Lotta*, 27 Ill. 2d 455, 456-57, 189 N.E.2d 238, 240, where a trial court was upheld in striking the testimony of an expert witness who testified that he reached his conclusion as to damages to the remainder by adding the value of the remaining property to the value of a building standing on that property:

> "We have consistently held that the fair market value of improved property is not the sum of the value of the building and the value of the land computed separately. For this purpose, the whole does not necessarily equal the sum of the parts. The value of unimproved land, adaptable for any use, may diminish, as land, when improved by the construction of a building and so committed to a particular use. For similar reasons, the construction of a building may not produce an increment in value equal to its cost, since the improvement may not be desirably situated. To avoid misleading and confusing the jury, the evidence may properly be confined to the value directly at issue, that is, the value of the improved land as a whole." (27 Ill. 2d 455, 456-57.)

See also *Department of Transportation v. Quincy Coach House, Inc.*, 64 Ill. 2d 350, 356 N.E.2d 13.

■■ The potential danger involved in permitting evidence to be introduced with respect to specific elements of damage is readily apparent. Property owners could claim a variety of incidental damages to the remainder of their condemned property because of various changed conditions which have no real effect on the fair market value of the remainder. If allowed to admit evidence with respect to specific elements of damage, a complaining property owner could persuade a jury that it should reach a determination of damage simply by adding together specific elements of damage. Problems would also arise if the State were allowed to introduce evidence of specific elements of damage without relating such evidence to a diminution in the fair market value of the remainder. By restricting its evidence and the testimony of its witnesses to a few specific elements of damage, the State could very easily mislead a jury into assuming that the depreciation in the value of a remainder is limited to the sum of a few specific elements of damage.

Computation of the fair market value of a remainder requires considerable expertise and thus is a determination reserved for professional appraisers, not for the jury. It is the jury's responsibility in a condemnation proceeding to judge the veracity and qualifications of

expert witnesses and based on that evaluation, to accept or reject the conclusions of particular appraisers. The various factors relating to damage are admissible solely for the purpose of providing the jury with some basis for evaluating the credibility of the witnesses.

As pointed out by this court in *Department of Transportation v. Reckamp*, 9 Ill. App. 3d 117, 119, 291 N.E.2d 868, 870, the admission of testimony which separately values various elements of the remainder "may not only confuse the jury but may also lead the jury to erroneously conclude that appraisal is an exact science." The design of the rule then is not only to preclude a jury from considering specific elements of damage apart from its evaluation of the fair market value of the remainder, but also to avoid jury verdicts that are improperly influenced by erroneous assumptions regarding the procedures and practices of the real estate appraisal business.

■■ Petitioner points out that a landowner has a duty to mitigate the loss incurred as a result of a taking and that such costs are admissible as evidence of a depreciation in value. (See *Department of Transportation v. Galley*, 12 Ill. App. 3d 1072, 1078, 299 N.E.2d 810, 811.) Costs of repair, replacement or reproduction necessitated by a taking and improvement, however, are no different than other elements of damage with respect to their evidentiary value in a condemnation proceeding. Such costs may be considered for the purpose of arriving at an estimate of decreased value, but they are not admissible for the purpose of showing an element of damage separate and apart from the value of the remainder after the taking. (*Department of Public Works & Buildings v. Pellini*, 7 Ill. 2d 367, 373, 131 N.E.2d 55, 59.) As the Illinois Supreme Court concluded in *Department of Public Works & Buildings v. Bloomer*, 28 Ill. 2d 267, 273-74, 191 N.E.2d 245, 249:

"The jury's finding is controlled not by such outlays [specific costs of repair, replacement or increased costs of future improvements], but by the diminution in the fair market value of the land remaining, directly caused by the taking and improvement." 28 Ill. 2d 267, 273-74.

The prohibition against admitting evidence for the purpose of proving individual elements of damage to the remainder is not an absolute rule, but must be tailored to the particular facts of each case in order to ensure a fair hearing on the question of depreciation in fair market value. Where it appears that an expert witness has based his valuation solely on specific elements of damage without regard to what a willing buyer or seller would agree upon, that testimony is improper and should be stricken. (*Department of Public Works & Buildings v. Divit*, 25 Ill. 2d 93, 182 N.E.2d 749.) Similarly, where separate valuations of each element of damage are provided by a witness, such testimony should be excluded

and a failure to do so has been held to be reversible error. *Department of Transportation v. Reckamp*, 9 Ill. App. 3d 117, 291 N.E.2d 868.

Our holding in this case is entirely consistent with our recent decision in *Department of Transportation v. Gonterman*, 41 Ill. App. 3d 62, 354 N.E.2d 76. There we held that the testimony of one of the defendant's witnesses relating to the cost of rehabilitating the remainder was improper where this individual item of cost exceeded any testimony of the diminution in value of the remainder caused by the taking. The concern we expressed in that case over the confusing and misleading nature of such evidence of single items of cost in the rehabilitation of the remainder is equally applicable here.

Petitioner presented three expert witnesses in this case. The following exchange occurred on cross-examination between petitioner's appraisal witness Frank Newman and defendant's counsel:

> "Q: You said that your estimate of the damage would be $3,000. Would that be after you took into consideration the moving of the pump island?
>
> A: That is the element of cost to move the pump island."

Petitioner's second expert witness testified that based on his experience in the business of moving and installing fuel tanks and pumps, the pump island could be moved to another location on the remainder property. He also testified that he forwarded his cost estimate for relocating the pumps to petitioner's third witness, real estate appraiser Glenn Grosse, who testified that the damage to the remainder was $3,000.

■■ We are of the opinion that the testimony of petitioner's witnesses taken as a whole improperly focused on the cost of relocating the fuel pumps as a specific element of damage. It is apparent from the record that petitioner's witnesses based their evaluation of damage almost exclusively on the cost of pump relocation. The large discrepancy between the jury's verdict and the damage estimates presented by defendants' witnesses indicates that the jury was significantly influenced by petitioner's evidence. Since we are unable to determine the extent to which the jury was influenced by this improper testimony we must remand this case for a new trial for a fair determination of the damage to defendants' remainder. *Department of Public Works & Buildings v. Divit*, 25 Ill. 2d 93, 182 N.E.2d 749.

Reversed and remanded.

JONES and EBERSPACHER, JJ., concur.