THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* HARRY SCHLECHTE *et al.* (ENGELKE, INC.), Respondents-Appellees.

Fifth District    No. 79-140

Opinion filed March 19, 1981.—Rehearing denied April 16, 1981.

188

William J. Scott, Attorney General, of Springfield (Roy E. Frazier, Jr., Assistant Attorney General, and Steven N. Mottaz, Special Assistant Attorney General, of counsel), for appellant.

Reed, Armstrong, Gorman & Coffey, of Edwardsville (James E. Gorman, of counsel), for appellees.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The Illinois Department of Transportation filed its original petition for condemnation in this matter on February 22, 1972, pursuant to its authority under the Illinois Highway Code (Ill. Rev. Stat. 1969, ch. 121, pars. 4—101 through 4—508). Its purpose was to acquire certain land belonging to the respondents in order to make improvements along a section of old U.S. Route 66 situated in Madison County, Illinois. Of the various parcels condemned only that of the respondents, Gustave and Leola Engelke, is here considered. This litigation concerns the proper determination of just compensation for the land taken in fee simple absolute and for damages based upon an alleged impairment in the value of a contiguous parcel not taken. The jury verdict granted respondents $28,000 for the fee and $42,000 in damages relating to the contiguous parcel. Judgment was entered July 24, 1978. Following a post-trial motion by the condemnor, the circuit court ordered a remittitur of $2000 in the remainder award because it exceeded any testimony on damages.

Errors cited by the petitioner-appellant in the conduct of trial include (1) the improper admission of evidence relating to the cost of reproducing certain improvements which stood on the area condemned; (2) the allowance of cross-examination on the separate value of the same improvements; (3) the failure to strike prejudicial testimony regarding injury to the remaining land; (4) the refusal to declare a mistrial based on numerous instances in which prejudicial remarks were made by counsel for the respondent; and (5) the refusal to grant a new trial where the compensation awarded for injury to the remaining parcel exceeded any figure of valuation testified to at trial. We reverse and remand.

The condemnor required 2.65 acres of what was an approximately 165-acre parcel to effect an upgrading of U.S. Route 66 to Interstate Highway specifications as part of a project to revamp the Chicago to St. Louis roadway now known as Interstate Route No. 55. The acreage was taken so that a frontage road could be resituated in a westerly direction to facilitate regrading and widening of the former roadbed. All of these improvements have long been accomplished.

The Engelke property was and is used as a dairy farm and is a generally triangular plot bounded by I-55 along its southern and eastern borders. It contains two sets of buildings; one, the farthest from the interstate, includes the Engelke residence, a barn and some sheds. The dairy facilities are housed in the other set of improvements, an older series of structures located on the access road to I-55. Those within the perimeter of the area condemned were in the latter set and consisted of a silo, a barn, the corner of a house, and, in addition, two water wells. Much of the present dispute stems from testimony offered regarding the value of these structures.

■■ Both article I, section 15 of the Illinois Constitution of 1970 and section 1 of the Eminent Domain Act (Ill. Rev. Stat. 1971, ch. 47, par. 1) prohibit the State from taking or causing damage to property without just compensation. It is the "market value" of the property concerned, adapted to its highest and best use, which has long been deemed the most serviceable measure of just compensation. (*Housing Authority v. Kosydor* (1959), 17 Ill. 2d 602, 606, 172 N.E.2d 357.) "Market value" is in turn defined as that price "which the owner, if desirous of selling, would under ordinary circumstances surrounding the sale of property have sold the property for and what a person desirous of purchasing, but not compelled to purchase, would have paid for it." *City of Chicago v. Farwell* (1918), 286 Ill. 415, 419, 121 N.E. 795 (presently codified in Ill. Rev. Stat. 1979, ch. 47, par. 9.7).

■■■ The condemnor carries the burden of proving the fair market value of the interest being taken. (*County of Cook v. Holland* (1954), 3 Ill. 2d

36, 40, 119 N.E.2d 760.) The appellees filed a cross-petition alleging damage to the remaining property not condemned, hereinafter referred to as the remainder. They in turn presented evidence of the injury alleged through the presentation of expert testimony in accordance with the formula for measuring damages to the remainder. This has long been the difference between the fair market value of the remainder before the taking and improvement and its fair market value after the taking and improvement, *i.e.*, the measure is its depreciated value as an entire entity. *Department of Public Works & Buildings v. Caldwell* (1921), 301 Ill. 242, 247, 133 N.E. 641; *Department of Transportation v. Jones* (1976), 44 Ill. App. 3d 592, 594, 358 N.E.2d 402.

During cross-examination of the condemnor's witnesses on the subject of valuation of the land taken, the trial court permitted appellees to elicit testimony concerning the separate value of improvements which stood in the area of the taking. Lee Bierman, an appraiser for the Department of Transportation, attributed a value of $5775 to the barn, $1250 to the silo, and $500 for lost water supply, over the condemnor's vigorous and continuing objection. In direct testimony the witness offered testimony that in his expert opinion the value of the land and improvements together was $11,280. And again, despite objection, another witness, Charles Pilmer, an appraiser for Doanne Agriculture Services, Inc., was allowed to testify that he valued the herdsman's residence (a corner of which lay within the area condemned) at $9000. He also stated that he attributed a value of $2400 to the silo and $6352 to the barn.

■■ ■ Whether the cause involves just compensation for property condemned or damage to the remainder, determinations of market value are based upon the worth of an estate, or portions thereof, as entire entities and not upon the sum of their constituent parts, that is, land and improvements. The presentation of testimony which applies separate dollar values to specific improvements lends itself to the possibility of misleading or confusing the jury, and the courts of this State have repeatedly held it to be improper. (*E.g., Department of Transportation v. Quincy Coach House, Inc.* (1976), 64 Ill. 2d 350, 363, 356 N.E.2d 13; *Department of Public Works & Buildings v. Lotta* (1963), 27 Ill. 2d 455, 456-57, 189 N.E.2d 238; *Department of Public Works & Buildings v. Pellini* (1955), 7 Ill. 2d 367, 373-74, 131 N.E.2d 55; *City of Chicago v. Callender* (1947), 396 Ill. 371, 381, 71 N.E.2d 643; *Department of Transportation v. Toledo, Peoria & Western R.R. Co.* (1978), 59 Ill. App. 3d 886, 889, 376 N.E.2d 88, *cert. denied* (1979), 444 U.S. 929, 62 L. Ed. 2d 186, 100 S. Ct. 271; *Department of Transportation v. Reckamp* (1973), 9 Ill. App. 3d 117, 119, 291 N.E.2d 868.) The reason for this salutary rule was thoroughly explicated in *Lotta*:

"We have consistently held that the fair market value of improved property is not the sum of the value of the building and the value of the land computed separately. For this purpose, the whole does not necessrily equal the sum of the parts. The value of unimproved land, adaptable for any use, may diminish, as land, when improved by the construction of a building and so committed to a particular use. For similar reasons, the construction of a building may not produce an increment in value equal to its cost, since the improvement may not be desirably situated. To avoid misleading and confusing the jury, the evidence may properly be confined to the value directly at issue, that is, the value of the improved land as a whole." (*Department of Public Works & Buildings v. Lotta* (1963), 27 Ill. 2d 455, 456-57.)

And in *Quincy Coach House*, the court noted:

"The problem which may occur from the admissibility of such evidence is that the jury may conclude that the market value of the property is the sum of the different values stated by the witnesses. It may fail to consider the various other factors, such as the real estate market in the area of the property, which a professional appraiser, with his experience and judgment, must weight in determining the market value. The trial court, therefore, erred in admitting evidence of the underlying figures used by the appraisal witnesses." (*Department of Transportation v. Quincy Coach House, Inc.* (1976), 64 Ill. 2d 350, 363.)

It is accordingly improper to cross-examine a witness regarding the separate values of land and buildings. (*City of Chicago v. Exchange National Bank* (1965), 64 Ill. App. 2d 455, 463, 212 N.E.2d 494); there can be no genuine confusion on this point. The admission of specific figures constitutes palpable and reversible error. (*City of Chicago v. Callender* (1947), 396 Ill. 371, 381; *Department of Transportation v. Gonterman* (1976), 41 Ill. App. 3d 62, 64-65, 354 N.E.2d 76; *Department of Transportation v. Reckamp* (1973), 9 Ill. App. 3d 117, 119.) This is not to say that testimony is improper which serves to recount the basis on which an appraiser's opinion of ultimate value was formed. Detailed evidence regarding the character and nature of improvements is a necessary part of establishing the credibility of an expert's conclusion. But the defense here continually sought to elicit the depreciated reproduction value of these improvements. A jury could easily conclude that these items should be directly and independently recoverable. And yet, if considered together with the underlying land value the sum of these figures would exceed the market value testified to for the entire estate condemned.

While this was not the sole error committed during the course of the trial,

we need not rule upon other contentions presented because of our holding on this evidentiary issue.

The judgment of the circuit court of Madison County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

KARNS and JONES,[1] JJ., concur.

---

[1] Hon. Charles E. Jones, J., replaces Hon. Dorothy W. Spomer, J., who retired after oral argument.