No. 3–07–0439

Filed July 31, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE DEPARTMENT OF | ) | Appeal from the Circuit Court |
| TRANSPORTATION, | ) | for the 10th Judicial Circuit, |
|     Plaintiff-Appellant, | ) | Tazewell County, Illinois |
| | ) | |
|     v. | ) | No. 02–ED–7 |
| | ) | |
| EAST SIDE DEVELOPMENT, L.L.C., | ) | Honorable |
| and ADAMS OUTDOOR | ) | John A. Barra, |
| ADVERTISING, INC., | ) | Judge, Presiding |
|     Defendants-Appellees. | ) | |

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff Illinois Department of Transportation (IDOT) initiated this eminent domain action to condemn property owned by defendant East Side Development (East Side) on which a billboard owned by defendant Adams Outdoor Advertising (Adams) was erected. IDOT filed a motion *in limine* concerning appraisal evidence and valuation methodology regarding the compensation for the billboard. The trial court denied IDOT's motions and certified two questions for appellate review. We answer both questions in the affirmative.

FACTS

In August 2002, plaintiff IDOT filed an eminent domain action to acquire a portion of property in Tazewell County owned by defendant East Side, having purchased it from Clayton Moushon. Moushon had purchased the property from Farmdale Valley Development, which had

1

entered into a lease agreement with defendant Adams in 1999. The agreement allowed Adams to place a billboard on the property for an annual rent of $3,200. Following expiration of the lease on December 31, 2001, the billboard remained on the property with the oral consent of the then-landowner, Moushon. The billboard was still on the property when East Side acquired it.

Pursuant to IDOT's condemnation action, an order was entered in September 2002, allowing IDOT's acquisition of the property, together with all its improvements, and an order vesting title was entered in October 2002. The City of East Peoria would not allow Adams to relocate the billboard because it was larger than allowed under local ordinance. Adams could, however, erect a billboard that complied with the sign ordinance. As required under the federal Relocation Act, IDOT made an offer to Adams to relocate the billboard. 42 U.S.C. §4655 (2002); 735 ILCS 30/10-5-62 (West 2006). The offer documented the cost of relocation at $10,410 and the reproduction cost at $20,770. Adams did not accept the offer. IDOT removed the billboard in the summer of 2003.

The condemned portion of the property was appraised in order for IDOT to determine just compensation for it. Both IDOT and East Side appraisers agreed that although the property was used as farmland, its highest and best use was commercial. IDOT's appraiser, Steven Geddes, opined that the entire property had a value of $789,000 and that the acquired part had a value of $22,000. Although he considered the billboard and the agreement concerning it, he did not believe that the sign location enhanced the value of the land for its highest and best use. He considered the billboard structure as personal property and did not calculate a value for it. East Side's appraiser, Brian Finch, valued the property with other parcels acquired by IDOT. In his view, the lost rental income from the billboard was a measure of damages to the remainder. Adams' appraiser, Rudolfo Aguilar, did not value the whole parcel or the portion acquired. He valued only the billboard, using cost, income,

2

and comparative sales approaches. He gave no weight to the cost approach and gave the most weight to the comparative sales approach. He valued the billboard at $126,800. He also determined the bonus value of the billboard agreement, defining bonus value as the excess of market value over contract rent. In his view, the bonus value was zero.

Prior to trial on damages, IDOT filed a motion *in limine* regarding the appraisal evidence. It sought to bar Aguilar's testimony because his methodology violated the unit rule. The motion was denied. The trial also found that bonus value was not a permitted valuation method to determine the value of the billboard leasehold interest. The trial court certified the following questions under Supreme Court Rule 308.

> "1. In a condemnation proceeding under 735 ILCS 5/7-101 (now 735 ILCS 30/10-5-5) involving a lawfully erected off-premises outdoor advertising sign and the underlying land, does the unit rule apply?
>
> 2. Is bonus value as described in I.P.I. 300.59 and the commentary thereto a proper measure of the just compensation due to the owner of the billboard under 735 ILCS 5/7-101 (now 735 ILCS 30/10-5-5)?"

In this appeal, East Side adopted the briefs of Adams (hereinafter collectively Adams). This court allowed the Outdoor Advertising Association of Illinois, Inc., and Lamar Advertising Co. to submit *amici curiae* briefs in support of East Side and Adams. We have thus considered the *amici* arguments as well.

ANALYSIS

The first certified question asks if the unit rule applies in a condemnation proceeding involving a lawfully erected off-premises outdoor advertising sign and the underlying land. IDOT argues that the unit rule is the appropriate method for applying valuation standards where, as here,

the condemned property contains component parts and/or where a property is encumbered with a lease. Adams argues that the 1993 amendment to section 10-5-5 of the Eminent Domain Act (Act) provides an exception to the unit rule. 735 ILCS 5/7-101 (West 1992), now see 735 ILCS 30/10-5-5 (West 2006). Adams argues that the amendment clearly provides for separate compensation to owners of lawfully erected off-premises outdoor advertising signs. Adams claims that, under the plain language of the statute, the owners of the real property and the owners of the advertising sign are both allowed to obtain separate fair market value for loss resulting from condemnation.

The determination of the proper method of compensation in an eminent domain proceeding and the interpretation of a statute are questions of law which this court reviews *de novo*. Department of Transportation v. Chicago Title & Trust Co., 303 Ill. App. 3d 484, 495, 707 N.E.2d 637, 645 (1999); In re Application of the County Collector, 356 Ill. App. 3d 668, 670, 826 N.E.2d 951, 953 (2005).

The Act was amended in 1993 providing, in pertinent part,

> "(b) The right to just compensation, as provided in this Act, applies to the owner or owners of any lawfully erected off-premises outdoor advertising sign that is compelled to be altered or removed under this Act or any other statute, or under any ordinance or regulation of any municipality or other unit of local government, and also applies to the owner or owners of the property on which that sign is erected." 735 ILCS 5/7-101 (West 1992), now see 735 ILCS 30/10-5-5 (West 2006).

Both the United States Constitution and Illinois Constitution provide that private property may

4

not be taken or damaged without just compensation. U.S. Const., amend. V; Ill. Const. 1970, art I, §16. The purpose is to make the owner whole. <u>Department of Transportation v. Chicago Title & Trust Co.</u>, 303 Ill. App. 3d 484, 495, 707 N.E.2d 637, 645 (1999). Just compensation is the fair market value of the property, that is, "the amount of money that a purchaser, willing, but not obligated, to buy the property, would pay to an owner willing, but not obligated, to sell in a voluntary sale." 735 ILCS 30/10-5-60 (West 2006). The unit rule provides that the fair market value of property with improvements is not the sum of the value of the improvements and the value of the land calculated separately, but rather the value of the parcel as a whole. <u>Department of Public Works & Buildings v. Lotta</u>, 27 Ill. 2d 455, 456, 189 N.E.2d 238, 240 (1963).

When resolving issues of statutory construction, the primary purpose is to ascertain and give effect to the legislature's intent. <u>County Collector</u>, 356 Ill. App. 3d at 670, 826 N.E.2d at 953. The plain meaning of the statute's language is the best indication of legislative intent. <u>Lamar Whiteco Outdoor Corp. v. City of West Chicago</u>, 355 Ill. App. 3d 352, 367, 823 N.E.2d 610, 622 (2005). A court must construe the statute as written and must not add exceptions or change the law so as to depart from the statute's plain meaning. <u>County Collector</u>, 356 Ill. App. 3d at 670, 826 N.E.2d at 954. When a statute is amended, it may be presumed that the amendment was made for some purpose and the statute should be construed as to give effect to the intended purpose. <u>County Collector</u>, 356 Ill. App. 3d at 670, 826 N.E.2d at 954.

We disagree with Adams' argument that the unit rule directly contradicts the statute. The language of the statute is clear. The amendment simply states that the owner of a billboard has a compensable interest under the statute. The statute does not require a second taking of the billboard. The unit rule may be applied consistently with the amended statute. Moreover, it is unlikely that the

5

legislature would enact a law that would abrogate a long history of common law without any word it intended to do so.

Adams argues that this interpretation contradicts the Fifth District's holding in Department of Transportation v. Drury Displays, Inc., 327 Ill. App. 3d 881, 764 N.E.2d 166 (2002). That case involved a condemned property on which a billboard owner leased space. Drury Displays, 327 Ill. App. 3d at 882-83, 764 N.E.2d at 168. The court interpreted the statute as saying "[b]illboard owners have a right to just compensation for any condemned sign." Drury Displays, 327 Ill. App. 3d at 888, 764 N.E.2d at 172. The court defined just compensation as "the fair market value of the property at its highest and best use on the date the complaint [for condemnation] is filed." Drury Displays, 327 Ill. App. 3d at 888, 764 N.E.2d at 172. We agree that billboard owners have a right to just compensation under the statute, but find Drury distinguishable regarding the unit rule. In Drury the landowner was not a party to the proceedings, the billboard owner operated under a valid lease, and the structure was incapable of being relocated. Drury Displays, 327 Ill. App. 3d at 882-84, 764 N.E.2d at 168-69. In that case, IDOT argued that the defendant's only compensable interest was the leasehold and that it did not even condemn the billboard because it was personal property. Drury Displays, 327 Ill. App. 3d at 886-87, 764 N.E.2d at 171. More importantly, at no point did Drury ever discuss the unit rule and, thus, is not authoritative on this issue.

The statute provides for just compensation, but it does not state that just compensation for a billboard is to be determined apart from valuation of the property as a whole. It has been long established that the value of condemned property is considered as a whole, not the sum of its parts. Without a clear statement of intent from the legislature to abrogate this rule, we will not read such intent into the statute. Just compensation due Adams must be determined pursuant to the unit rule.

6

We are next asked to answer whether bonus value is the proper measure of just compensation due the billboard owner, Adams. IDOT contends that bonus value is the proper measure of just compensation and that there is no other acceptable method to determine just compensation for Adams. Adams contends that bonus value was rejected in <u>Drury</u> as a proper method to value a leasehold interest involving a billboard and that billboards are bought and sold for more than bonus value. Adams also argues that bonus value does not satisfy just compensation because it does not take into account the value of the billboard and the leasehold site's inherent value for producing rental income.

It has long been established that the measure of compensation for a leasehold interest is the value of the interest, subject to the rent covenanted to be paid. <u>Corrigan v. City of Chicago</u>, 144 Ill. 537, 548, 33 N.E. 746, 749 (1893). If the value is greater than the rent, the leaseholder is entitled to the excess, but if it does not exceed the rent reserved, the leaseholder is not entitled to any compensation. <u>Corrigan</u>, 144 Ill. at 548-49, 33 N.E. at 749. The Illinois Pattern Jury Instructions conform to this measure of compensation.

"In deciding whether the tenant is entitled to a share of the compensation to be paid for the entire property, you must first determine the fair rental value of the tenant's leasehold. If the fair rental value of the leasehold exceeds the rent agreed upon in the lease, the tenant is entitled to the excess. But if the fair rental value of the leasehold does not exceed the rent, the tenant is not entitled to any share of the compensation." Illinois Pattern Jury Instructions, Civil, No. 300.59 (2006) (hereinafter IPI Civil 2006)).

The instructions further explain that "[y]ou are to decide the following questions: First, what

is the total amount of just compensation to be paid for the entire property. Second, what part of that total is the fair rental value of the leasehold." IPI Civil (2006) No. 300.23.

When condemned property has a market value, any evidence of profits derived from it is not admissible nor is it a basis for fixing compensation. City of Chicago v. Farwell, 286 Ill. 415, 423, 131 N.E. 795, 798 (1918). Just compensation includes the value of the land, at its highest and best use, but excludes business profits. Farwell, 286 Ill. at 423-24, 121 N.E.2d at 798.

Adams asserts that Drury rejected bonus value as a measure for determining just compensation of a leasehold interest. However, Adams misconstrues Drury's holding. A closer reading of Drury shows that it did not abolish bonus value as an adequate means of determining just compensation; it merely held that bonus value was not the *only* method of valuation. Drury Displays, 327 Ill. App. 3d at 888, 764 N.E.2d at 172 ("We reject the Department's interpretation that 'just compensation' means only bonus value"). The court further explained that "[h]ad the legislature intended just compensation to mean only bonus value, it could have used the words 'bonus value' in the statute." Drury Displays, 327 Ill. App. 3d at 888, 764 N.E.2d at 172. Adams' interpretation of Drury fails.

Aside from Drury, Adams cites no case law to support its contention that its business value should be considered in calculating the value of the leasehold interest. Bonus value has long been held an adequate measure of just compensation and Adams' contention that this court should consider business value in the calculation of the leasehold interest has been specifically rejected by Illinois courts. See Farwell, 286 Ill. at 423-24, 121 N.E. at 798. In the instant case, bonus value, if any, is appropriate.

Certified questions answered.

LYTTON, J., concurs.

JUSTICE WRIGHT, specially concurring:

In the context of this case as presented to the trial court, I agree the majority has properly answered the question certified for our review. Although I see some merit in the statutory construction advanced by Adams and adopted by the trial court, the certified question cannot be answered in a vacuum and must be considered in light of the facts of record and those recited to this court on appeal.

The written Farmdale lease that defined Adams' contractual relationship to the billboard site owned by Farmdale and later acquired by East Side, provided that if the land was no longer available for billboard use and a suitable replacement site for the billboard could not be agreed upon by the parties, then Adams would remove the billboard at their expense. This lease had expired and ownership in the land had changed. Nonetheless, the lease demonstrates that the owner of the property did not acquire ownership of the billboard.

While negotiating for a new, long-term written lease with the new owner, East Side, Adams tendered the annual payment of $3,200 to East Side on January 2, 2002 pursuant to informal understanding. [1] In my view, and consistent with the supplemental facts provided by Adams, this annual payment would only create a leasehold interest for one year. It is significant that East Side and Adams did not finalize a long-term lease agreement before the condemnation proceedings began.

Meanwhile, on October 9, 2002, title to the billboard site vested in IDOT. However, IDOT did *not* compel Adams to alter or remove the billboard during the year of the informal agreement with East Side subject to the $3,200 payment. The sign stood and presumably functioned as a billboard

---

[1] Any subsequent $3,200 payment made by Adams to East Side after October of 2002 was ineffective. The title to the billboard site previously vested in IDOT in the fall of that year and a long-term lease did not exist that required such payment.

9

well past January 2003. Thereafter, IDOT contacted Adams in August 2003, requesting Adams to remove the billboard. However, Adams did not remove the sign from the condemned parcel in August as requested.

Based on these facts provided to this court with the certified questions, IDOT did not acquire title to the billboard but acquired only title to the land. After acquiring title to the land, the State did not compel the sign to be altered or removed until the informal lease expired. The State has taken nothing from the billboard company. Adams left the sign behind.

Thus, the unique facts recited by the parties in this appeal, do not qualify as the separate taking necessary to advance the statutory construction for just compensation suggested by Adams. The question of just compensation for separate takings must be answered on another day. For these reasons, I specially concur in the majority's decision, which answers both of the certified questions *in this case* in the affirmative.