# Orville Page *et al.*

### *v.*

# Chicago, Milwaukee and St. Paul Railway Co.

1. Eminent domain—*damages to property not taken.* Where a railroad is located over a tract of land, and compensation is allowed the owner for the land actually taken, he can not recover damages as to a small part of the tract, not taken, if the whole is not damaged, when taken together.

2. The jury, under the act of 1872 relating to right of way, are not required to assess the damages to a strip of land lying within a few feet of the right of way of a railroad, but the damages, if any, to the entire

tract, by reason of the construction and operation of the road. The effect must be considered upon the market value of the entire tract, and not a distinct part.

3. SAME—*measure of damages.* The true measure of compensation for land not taken by a railway company for a right of way, is, the difference between what the whole property would have sold for, unaffected by the railroad, and what it would sell for as affected by it, if it would sell for less. The damages must be for an actual diminution of the market value of the land, and not speculative.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. GEORGE GARDNER, for the appellants.

Mr. E. WALKER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding, by appellee, for assessment of damages for right of way over a 40-acre tract of land of appellants, near Chicago. A trial was had before a jury, which resulted in a finding for appellants for $4475, for land taken, and no damages. From a judgment entered on the finding, this appeal was taken by them.

. Upon the trial, it was shown that the line of appellee's road crossed that of the Atlantic and Pacific Railroad (which had been located along the north line of the tract), at the north-west corner of the tract, and evidence was introduced by the appellee, under objection, that, with the crossing at that point, the whole 40-acre tract was worth more on account of the location of appellee's road across it, than it would be without the road; and this instruction was given by the court to the jury:

"And if, in any case where land not sub-divided is intersected, and a portion thereof taken by the road, it also appears, from the evidence, that contiguous land belonging to the same owner, and not taken, is damaged by the construction and maintenance of the road, so that, for sub-division, or for any

other use or purpose, on the whole, taking into consideration all the effects upon the value of such contiguous land, produced by this road, it is of less value by reason of the road, than it would have been without the road, then the jury should find the amount of such diminution of value as it appears from the evidence, and report the same as the compensation to be paid the owner of such contiguous land so damaged. If the value of such contiguous land is not diminished by the road, then no damages should be allowed.",

Objection is taken to the admission of such testimony, and the giving of such instruction, as being in violation of the now existing rule under the statute of 1872, that no benefits or advantages shall be set off against or deducted from the compensation to be given for land taken or damaged.

The present constitution provides that "private property shall not be taken or damaged, for public use, without just compensation." The act of April 10, 1872 (Laws 1872, p. 402), under which this proceeding is had, declares, in the first section, that private property shall not be taken or damaged, for public use, without just compensation.

The form of the oath prescribed to the jury, in the eighth section, is, to "well and truly ascertain and report just compensation," etc.

Section 9 provides that the jury may go upon the premises, hear proof, and then shall make their report so as to set forth and show the compensation ascertained to each person thereto entitled. * * * "*Provided,* that no benefits or advantages, which may accrue to lands or property affected, shall be set off against or deducted from such compensation, in any case."

The property in question is unimproved. It is not situated within the city limits, nor is it held for farming purposes; but its proximity to Chicago makes it valuable for the purposes of sub-division. It is susceptible of being converted into residence and business property, and hence its value above that of cultivated farm lands.

The evidence shows that the appellee's road furnishes com-munication between this property and the city — has made it suburban property, and increased its value from $500 to $1000 per acre. Another road had been located upon the north line, the two roads crossing each other at the north-west corner of the tract. Under the law of the State, all trains on both railroads have to stop at a crossing. This affords an opportunity for passengers to get on and off there; and, under the testimony, such a crossing is a great advantage to the land around it. According to appellee's witnesses, the location of the road was a benefit, rather than an injury, to the appellants' property. For the land actually taken— $2\frac{32}{100}$ acres—compensation has been given at the enhanced valuation by reason of the railroad.

Is there anything more which should be paid for damages to the residue of the tract?

There is no claim here for any damage thereto, except for the depreciation of the market value of the remainder of the tract by reason of the location of the road; but the evidence shows that this location of the road largely increases this market value. How, then, are appellants damaged? They attempt to show, in proof, that a narrow strip of the land abutting upon the road would be depreciated in value fifty per cent, as is estimated by some of the witnesses, by reason of the inconvenience and annoyance of the road, and claim, in effect, that damages should be assessed therefor, consid-ered abstractedly, excluding all view of the effect of the road upon the residue of the tract. To take into consideration such effect, it is insisted, would be to deduct benefits or ad-vantages from the damages.

We can not yield to this view. It was not the damages to a strip of land lying within a limited number of feet of the road-bed, that the jury were required to assess, but the dam-ages, if any, to the *entire* tract, by reason of the construction and operation of the appellee's road. It is inadmissible to

treat that portion of the property injured as a distinct and separate tract from that portion benefited.

If the inconvenience of the road to a certain selected part of the tract, will be outweighed by the additional convenience of the road to the residue of the tract, the tract will not be damaged by the inconvenience of the road. A partial effect only is not to be considered, but the whole effect; and the effect, not upon any selected part of the tract, but upon the whole tract. This is not deducting benefits or advantages from damages, but it is ascertaining whether there be damages or not. It is but the estimation of damages, and seems the only fair and just mode of estimating them. See *Meacham* v. *Fitchburg Railroad Company,* 4 Cush. 292 ; *Watson* v. *The Pittsburgh and Connellsville Railroad,* 37 Penn. St. 469 ; *Schuylkill Navigation Company* v. *Thoburn,* 7 S. and R. 410.

The true measure of compensation, according to the rule laid down in the case last cited, would be the difference between what the whole property would have sold for, unaffected by the railroad, and what it would have sold for as affected by it.

In the case of *Chicago, Rock Island and Pacific Railroad Company* v. *Francis, ante,* p. 238, this subject of damage was, to some extent, considered. It was held, that the damage contemplated by the constitution must be an actual diminution of present value or price caused by construction of the road, or a physical injury to the property, that renders it less valuable in the market, if offered for sale; that it must be real, not speculative, damages ; and although the question there was under the constitution, and not under the act forbidding benefits to be deducted, yet the act is only for the carrying out of the provision of the constitution. If the market value of the tract will not be diminished by the construction and operation of the road, the land can not be said to be damaged thereby.

It is admitted that any mere general and public benefit, or increase of value received by the land, in common with other

lands in the neighborhood, is not to be taken into considera-
tion, in estimating compensation; and it is claimed that
receiving and considering evidence as to the effect of the
crossing, was an infringment of this rule; because the advan-
tage of the crossing was not confined to the tract of land in
question, but extended also to some other adjacent tracts.
But the testimony showed the beneficial effect of the crossing
to be so limited in extent, that the fact of its not being con-
fined to this tract, did not, we think, deprive the crossing of
the character of a local and peculiar benefit to this land.    In
this particular, there is an analogy between this case and
that of *Hayes* v. *Ottawa, Oswego and Fox River Valley Railroad
Company*, 54 Ill. 373, where, under the statute of 1852,
which admitted the consideration of only *special* benefits, it
was held proper to receive testimony in regard to the effect
of the location of a depot, within a certain distance, upon the
value of the land, a part whereof was sought to be condemned.

The case of *Cleveland and Pittsburgh Railroad Company*
v. *Ball*, 5 Ohio State, 568, is cited, in support of appellant's
position.

But the full scope of that decision can hardly be regarded
as in conflict with the views here expressed.    The constitu-
tion of that State prohibited the deduction of benefits.

One proposition there decided is stated in the syllabus of
the case, and correctly, we believe, as follows:

"In case of a railroad appropriation for a right of way
through a tract of land, causing incidental and local injury
to the residue of the tract, although general resulting benefits
from the railroad to the value of such residue of the land,
can not be taken into account in estimating the amount of
compensation to be paid the owner; yet, where a local inci-
dental benefit to the residue of the land is blended or con-
nected, either in locality or subject matter, with a local
incidental injury to such residue of the land, the benefit may
be considered in fixing the compensation to be paid the owner,
not by way of deduction from the compensation, but of show-

ing the extent of the injury done the value of the residue of the land."

The road there was located across certain coal lands, and cut off communication with a river which furnished water transportation for the coal; and it was held proper to con- ·sider how far such injury was counterbalanced by the facilities supplied by the railroad for the transportation of the coal. And so, too, in *Israel et al.* v. *Jewett et al.* 29 Iowa, a case also 'relied upon by appellants in their support, which was one of the change of a road over the lands of the defendant, the court sanctioned the consideration of benefit, at least to the extent of allowing for the value of the land restored to the defend- ant by the change, as an off-set to that taken, although the constitution of that State forbade the taking into considera- tion any advantages that might result to the landowner on account of the improvement for which the land was taken.

As we understand the case before us, the market value of the land, as enhanced by the general resulting benefits from the road, was taken, and, under testimony introduced, that enhanced market value of a narrow strip of the land adjacent to the road would be diminished by the construction and operation of the road; but taking the tract together, in view of the peculiar local advantage of the crossing, such market value of the whole tract would not be diminished by the construction across it, and operation of the railroad.

Under the state of facts here, we can not say that there was any substantial error in refusing the instructions asked by the defendants, and, in place of them, giving the instruc- tion above, or in the admission of testimony as to whether or not the tract of land would be diminished in value by the construction and operation of the road.

An objection is taken, that the amount found by the jury for the land taken is insufficient. The testimony of different witnesses as to the value of the land taken, was widely variant, as is not unusual upon a question of value, especially in respect to land situated like this. The jury did not take

the estimate of any one witness or set of witnesses, but their verdict seems to have been formed from the comparing together and weighing of the whole testimony, and we see no sufficient reason for disturbing their conclusion.

The judgment is affirmed.

*Judgment affirmed.*