(No. 14649.—Judgment affirmed.)

THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee, vs. MARY E. WING, Appellant.

*Opinion filed October 21, 1922—Rehearing denied Dec. 8, 1922.*

1. EMINENT DOMAIN—*proof of voluntary sales of other property rests in discretion of trial judge.* Proof of voluntary sales of lands in the vicinity and similarly situated is properly received to aid in estimating the value of the land to be taken in condemnation, but no positive rule can be laid down as to the degree of similarity or the nearness of time and distance required to make such sales competent as evidence, and the question must first be submitted to the trial judge and must rest largely within his discretion.

2. SAME—*unimproved tract must be valued as a whole.* Where unimproved and unsubdivided property is taken the owner is entitled to the fair cash market value of the land actually taken for the most profitable use to which it is adapted, and witnesses should not be allowed to state the different uses to which different portions of the land may be adapted and value those portions separately, as the compensation must be estimated for the land as land, with all its capabilities, and while its best uses are to be considered the land must be valued as a whole.

APPEAL from the Circuit Court of Cook county; the Hon. ADAM C. CLIFFE, Judge, presiding.

HARRY S. MECARTNEY, for appellant.

ADOLPH D. WEINER, EDWIN K. WALKER, and ROSS C. HALL, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

The Forest Preserve District of Cook county filed its petition in the circuit court of Cook county to condemn for its use 28.733 acres of land situated about fourteen miles northwest of the city of Chicago, in Cook county, and owned by Mary E. Wing, appellant. A trial was had and the jury fixed the value of the property at $7183.25, or

approximately $249 an acre. Judgment was rendered on the verdict. Appellant claims that the verdict is against the weight of the evidence and that the court erred in the admission and exclusion of testimony.

The tract in question is two and a half miles south of the village of Desplaines, which has a population of 4300, and approximately a mile west of the limits of the village of Park Ridge, which has a population of 4000. The Desplaines river flows through the tract in a southwesterly direction. Practically all of the tract is on the west side of the river. It is triangular, the north and west boundary lines each being approximately a quarter of a mile long. That part of the land east of the river is a strip an acre in extent and varying in width, being 58 feet wide at the north and about 75 feet wide at the extreme south, and extends for a distance of half a mile, cutting off a river frontage from the adjoining property on the east. The only outlet to a public road is at the southwest corner, where it has a frontage of 184.72 feet on the West River road,—a new cement road recently opened to traffic. About 3.7 acres of this tract are in the river bed, about 9.25 acres are high land, substantially 6 acres are plow land, and 8.50 acres are meadow land. About 11 acres of the tract are wooded. It is vacant and unimproved. At the time it was renting for $70 per annum. The low lands are subject to overflow from the river. The sewer from Park Ridge empties into the river about a quarter of a mile north of the tract.

The court admitted appellee's evidence of the sale of a tract of 30.82 acres, known as the Smaha tract, about three-quarters of a mile southeast of the land in question, and excluded appellant's evidence of the sale of acre lots in subdivisions located about a mile north of the tract and of a 2½-acre tract a mile and a quarter north. Proof of voluntary sales of lands in the vicinity and similarly situated is properly received to aid in estimating the value of the

land to be taken. No positive rule can be laid down as to the degree of similarity or the nearness of time and distance required to make such sales competent as evidence, and the question must first be submitted to the trial judge and must rest largely within his discretion. (*Forest Preserve District* v. *Caraher,* 299 Ill. 11; *Sanitary District* v. *Boening,* 267 id. 118.) From this record we cannot say that the trial court abused its discretion in admitting the evidence of appellee or in excluding that offered by appellant. The record fairly shows that the Smaha tract was similar to the land in question, and that the evidence excluded pertained to tracts that were not fairly similar but which had been subdivided and were now on the market for residence purposes.

Appellant complains because she was not allowed to prove the general real estate market conditions, the special features of the real estate market affecting outlying suburban property, and the amount of property taken for public preserves by appellee along the Desplaines river in the last ten years. Appellant was permitted to prove the fair cash market value of the land actually taken for the most profitable use to which it was adapted, according to her theory, and that is all she was entitled to recover. (*Hartshorn* v. *Illinois Valley Railway Co.* 216 Ill. 392.) For the same reason it was not error to refuse to allow the witnesses to testify as to the number of tracts into which the premises could be divided, and the market value of acre holdings of from one to seven acres in extent. Compensation must be estimated for the land as land, with all its capabilities, and its best uses are to be considered, but they cannot be valued separately. *Forest Preserve District* v. *Caraher, supra.*

The court did not err in refusing to allow proof of the value of the strip east of the river separate from the other land. If its location made it available as frontage for the lots east of the river that may have added to the value of the tract, and appellant would, of course, be entitled to such

value, but such fact does not require the value to be proved separately. Denial by the court of such separate proof does not mean that appellant did not receive the full value of the acre east of the river at its value for frontage or riparian purposes, such value being necessarily reflected in the price fixed by the witnesses who testified as to the value of the whole tract. In support of her theory appellant offered evidence on the trial that the acre tract was available for such use, and one of her witnesses testified that he considered such use in fixing the value placed by him on the tract as a whole. It is therefore plainly apparent that she received the benefit of this proof. To allow witnesses to enter into a detailed analysis of items pertaining to the value usually leads to the results that required a reversal in *Forest Preserve District* v. *Caraher, supra.*

The verdict is not against the weight of the evidence. On the trial an issue arose as to what was the most profitable use for the land. Appellant claimed that the property was suitable for division into tracts of from one to seven acres and sold for country residence purposes as suburban river land, while appellee claimed that it was vacant, unimproved land, adaptable only to farming and pasture purposes. Both offered evidence in support of their respective contentions, and the weight of the evidence supports the finding of the jury. The jury viewed the premises. The testimony of four witnesses offered by appellee showed that the premises were worth from $152 to $207 an acre, and appellant offered the testimony of two witnesses who fixed the value at $500 and $540 an acre. The evidence clearly justified the verdict.

The judgment is affirmed.                    *Judgment affirmed.*