THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Petitioner-Appellant, *v.* FIRST NATIONAL BANK OF JOLIET, as Trustee under Trust No. 309, *et al.*, Defendant-Appellee.

(No. 71-96;

Third District—January 29, 1973.

*Rehearing denied February 27, 1973.*

William J. Scott, Attorney General, of Springfield, and Donald Wenn-lund and Wayne R. Johnson, both of Joliet, (William Ryan, Assistant Attorney General, of counsel,) for appellant.

Robert E. Wiss, of Chicago, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the Department of Public Works and Buildings from a judgment entered on the verdict of a jury awarding defendant $25,000 for property taken and $30,000 for damages to the remainder in a condemnation proceeding.

For purposes of the trial, the property of the defendant consisted of approximately 49 acres, of which 4.262 acres was taken by the petition to condemn.

The 49 acres is bordered on the west by U.S. Route 45, on the north

by the Chicago, Rock Island Railroad, on the east by vacant farm property and on the south by 191st Street. The 4.262 acres was located in the southwest corner of the 49 acres at the intersection of U.S. Route 45 and 191st Street. Of the other three corners of the intersection, one contained an improved service station and the other two were owned by oil companies.

The purpose of the condemnation was to provide for the relocation of U.S. Route 45. Before the taking, the western side of the 49 acres fronted on U.S. Route 45 at road grade for most of the frontage. After the taking the remainder was bounded on the west by a frontage road and on the south by 191st Street. Relocated U.S. Route 45 is gradually elevated as it proceeds northwesterly from 191st Street over the railroad tracks and curves away from the defendant's property in a westerly direction.

Petitioner had two valuation witnesses. They valued the 4.262 acres being taken at $8,500 and $9,000 with no damages to the remainder. They both considered the property at the corner of U.S. Route 45 and 191st Street to be business or commercial and the rest of the property to be residential or industrial.

Defendant had one valuation witness who testified that the value of the 4.262 acres taken was $113,900 and damage to the remainder was $36,100. He testified that a one acre portion of the land taken at the corner of U.S. Route 45 and 191st Street was best suited for service station use, the remainder of the frontage on U.S. Route 45 was best suited for commercial development and the remainder of the land taken was residential.

Defendant introduced testimony by two witnesses who testified that they had been in the business of purchasing service station sites for some years and who testified that the value of a one acre site in the southwest corner of the subject property for service station purposes was in the opinion of one witness $80,000 and in the opinion of the other witness $85,000. They also testified as to the sale of comparable sites for service station purposes.

Petitioner contends that the court erred in permitting testimony as to separate and distinct imaginary tracts and the assigning of a separate highest and best use and value thereto as well as the allowance of testimony of comparable sales of three one acre service station tracts.

■■ Petitioner's contention that defendant offered opinion testimony as to the value of separate tracts of the property involved is not supported by the record.

On one occasion defendant's valuation witness testified as to the separate value of one acre, which was objected to by the petitioner. The objection was sustained and the jury instructed to disregard the testimony.

■■ Petitioner then argues that it was error for the defendant's valuation witness to give his opinion as to the highest and best use of separate tracts of the property involved. It is clear from the testimony of most of the witnesses for both petitioner and defendant that the highest and best use of the property was not uniform throughout. Under these circumstances we find nothing improper in testimony as to the highest and best use for the different tracts of land involved. *Forest Preserve Dist. of Cook County v. Wing*, 305 Ill. 194, 137 N.E. 139; *Department of Public Works and Buildings v. Hufeld*, 68 Ill.App.2d 120, 215 N.E.2d 312.

■■ The petitioner introduced into evidence a contract for the sale of 141 acres of land which included the tract involved in this cause. The petitioner then proceeded to offer opinion evidence of value based in part on the contract price. The contract not only covered additional property and property where the highest and best use was not uniform throughout, but it had, in effect, four different options for apportioning the contract price. One option would have provided for the payment of $102,500 for 10 acres of the 141 acres, of which the 4.262 acres involved in this proceedings would have been a part. Petitioner's witnesses were either not aware of the different options or their appraisal was not influenced by them, even though in part based on the contract. We believe the introduction by the petitioner of the contract into evidence as a basis for determining the value of the property involved in these proceedings was unfortunate. (*Crystal Lake Park Dist. v. Consumers' Co.*, 313 Ill. 395, 402-404, 145 N.E. 215.) The contract introduced issues that testimony on behalf of petitioner ignored and brought forth objections by petitioner to testimony by defendant's witnesses on those issues. Petitioner objected strenuously to defendant's opinion testimony on the interpretation of the contract price as it related to the 4.262 acres actually being taken. We would be more concerned with these objections if the evidence of comparable sales had not been substantially similar as to the one acre portion of the 4.262 acres. We consider admissibility of evidence of comparable sales to be largely within the discretion of the trial court and if such discretion is exercised within proper limits, it will not be disturbed. *City of Chicago v. Vaccarro*, 408 Ill. 587, 97 N.E.2d 766.

■■ Petitioner next contends that the trial court erred in permitting the defendant to introduce evidence concerning the relocation of U.S. Route 45, the elevation of new U.S. Route 45, loss of traffic and the dead ending of streets. Defendant's valuation witness specifically stated that he did not consider loss of traffic as an element of damages to the remainder. Petitioner argues, however, that the witness based his findings of damages on improper considerations which in effect related to the loss of traffic flow and cites *Department of Public Works and Build-*

*ings v. Bills*, 66 Ill.App.2d 170, 213 N.E.2d 110; *Department of Public Works & Bldgs. v. Mabee*, 22 Ill.2d 202, 174 N.E.2d 801; *Illinois Malleable Iron Co. v. Park Commrs. of Lincoln*, 263 Ill. 446, 105 N.E. 336. We do not believe that these cases, which relate to the regulation or diversion of traffic, are applicable in this case. Defendant's valuation witness testified that he took into consideration the effect of the dead end of the frontage road to the north. The dead ending of this road would obviously affect traffic flow, but it is more directly related to the highest and best use of the remainder, and it is a proper consideration under the facts of this case. (*City of Chicago v. Burcky*, 158 Ill. 103, 42 N.E. 178; *Davis v. City of Chicago*, 290 Ill.App. 244, 8 N.E.2d 378.) Also, the loss of direct access to U.S. Route 45 and its elevation are material impairments to the value of the remainder and were properly considered by the jury under the facts of this case. *Rigney v. City of Chicago*, 102 Ill. 64; *Department of Public Works and Buildings v. Divit*, 25 Ill.2d 93, 182 N.E.2d 749.

■■ Petitioner claims reversible error by the court in allowing defendant's exhibits 10 and 11 into evidence for the reason that they represented only a portion of the entire tract and there were notations as to dead ending of a street north of the subject tract. We believe that under the standards set forth in *Department of Public Works and Buildings v. Chicago Title & Trust Co.*, 408 Ill. 41, 95 N.E.2d 903, reversible error was not committed by their admission.

Petitioner next argues that the court erred in refusing to grant a change of venue. This motion for change of venue came over two years after the filing of the petition to condemn and immediately after the court denied a motion by petitioner for continuance. At the time of making its motion, petitioner stated to the court that in forcing petitioner to trial on short notice, the court was prejudicial. Thereafter petitioner on several occasions stated that the motion for change of venue was not for the purpose of delay and offered to go to trial before another judge.

■■ We believe *Hoffman v. Hoffman*, 40 Ill.2d 344, 239 N.E.2d 792, sets forth the applicable law. The right to a change of venue filed in apt time is absolute, unless done to delay trial. In the case before this court, where the motion was made immediately after the denial of the motion for continuance, we believe the court properly considered the good faith of petitioner's motion. We are not prepared to say the trial court acted inappropriately in denying petitioner's motion for a change of venue.

■■ As to the denial of the motion for continuance itself, we find no abuse of discretion or error by the trial court in denying petitioner's motion for continuance.

■■ The jury viewed the premises. The verdict was within the range of testimony, and its verdict will not be disturbed in the absence of a

clear showing that it was a product of passion or prejudice or was affected by palpable error. *Department of Public Works and Buildings v. Bloomer*, 28 Ill.2d 267, 191 N.E.2d 245.

The judgment of the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, is affirmed.

Judgment affirmed.

STOUDER, P. J., and ALLOY, J., concur.