THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellee, v. H P/ MEACHUM LAND LIMITED PARTNERSHIP *et al.*, Defendants-Appellants.

Second District   No. 2—92—0901

Opinion filed May 14, 1993.

William E. Ryan and Timothy J. Ryan, both of Burke & Ryan, of Chicago, for appellants.

Daniel J. McCormick, of Griffin & Griffin, of Chicago, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, the Department of Transportation (the State), filed this condemnation action against a portion of a 40.282-acre parcel of vacant property owned by H P/Meachum Land Limited Partnership (the owner). Hamilton Partners, Inc., and unknown owners were also named as defendants. The State initially sought fee simple title to one 6.899-acre portion of the parcel and access rights to a portion of the remainder, both in connection with construction of the Elgin-O'Hare Freeway.

This appeal is taken under Supreme Court Rule 308 (134 Ill. 2d R. 308), pursuant to the trial court's certification of two questions for interlocutory appeal. Those questions address proper valuation in this case and the proper valuation date where the State filed a third amended complaint approximately eight months after the original complaint and thereby added an additional .13-acre portion to the property to be taken. The full parcel in question comprises approximately 16.45 acres of wetland. The portion to be taken includes approximately 0.5 acre of wetland.

After the State filed initial and first amended complaints, in July 1990 the owner filed a counterclaim seeking damages to the remainder of the parcel, and the court entered a quick-take order fixing preliminary compensation due on the taking (735 ILCS 5/7—103 (West 1992)). In September 1990, the State was allowed to file its second amended complaint, adding another party defendant.

In February 1991, the State was allowed to file its third amended complaint, thereby adding an additional .13 of an acre to the property for which it sought fee title. In lieu of holding quick-take proceedings

on the additional parcel (*cf.* 735 ILCS 5/7—104 (West 1992)), the parties agreed on additional preliminary compensation of $10,400 for the fee title of that parcel.

In the just compensation proceedings that followed, the owner brought the two motions *in limine* that are central to this appeal. In the first motion, the owner referred to the wetland and nonwetland subsections of the full parcel in question. It also referred to the differences in use potential and, thus, value for those two different types of property included in the full tract. It requested the court to allow appraisers to testify to different highest and best uses for different areas of the full tract, rather than being bound to offer only one "highest and best use" value for the entire 40.282-acre parcel. In the second motion, with reference to the State's addition of property to that which its initial complaints sought to take, the owner asked the court to deem the State's third complaint amendment to be tantamount to a new filing that required a new valuation date for the property.

The court denied both motions, but certified related questions for appeal. (See 134 Ill. 2d R. 308(a).) The questions certified were as follows:

> "Whether an expert appraisal witness in a partial-take eminent domain action is required to determine a unit value (price per acre or price per square foot) for the whole property, and then required to apply that same unit value to the part taken, regardless of the highest and best uses of various portions of the property and the condition of various portions of the property, including but not limited to the part to be taken."

And:

> "Whether the Defendant-Owner in an eminent domain action is entitled to a new valuation date when the Plaintiff files an amended complaint eight (8) months after the original complaint and after a quick-take hearing has occurred, which amendment adds different or additional property, not included in the original complaint, to be acquired by the Plaintiff."

We granted the owner's application for leave to appeal from the interlocutory orders.

On appeal we first address the court's ruling on the proper method of valuation in this case. The owner points to the undisputed facts that the full parcel in question consists both of nonwetland and wetland and that the portion subject to taking is primarily nonwetland, although it includes a portion of wetland. The owner argues that in an eminent domain action all parts of a tract need not be

given equal value. According to the owner's argument, the court's order denying its first motion improperly prevents it from explaining to the jury the difference between the two land-type categories and will cause it to receive compensation based on an average value of its consolidated wetland and nonwetland property, rather than the fair cash market value of the specific property taken. Implicit in the argument is a calculation that the property to be taken by the State is comprised of a larger percentage of nonwetland than is the full tract.

The fifth amendment to the United States Constitution provides that private property shall not be "taken for public use, without just compensation." (U.S. Const., amend. V.) Similarly, our State constitution provides that "[p]rivate property shall not be taken or damaged for public use without just compensation as provided by law." (Ill. Const. 1970, art. I, §15.) "Just compensation" is determined by the fair cash market value of the property at its highest and best use. *City of Chicago v. Anthony* (1990), 136 Ill. 2d 169, 174.

The owner refers us to the additional authority of *Department of Public Works & Buildings v. Oberlaender* (1968), 92 Ill. App. 2d 174, aff'd (1969), 42 Ill. 2d 410. In *Oberlaender*, the court stated that when valuing land in a partial taking situation, "the nature of the relationship of the part [taken] to the whole *** determines the value of the part since all parts are not necessarily equally related." (*Oberlaender*, 92 Ill. App. 2d at 185.) *Oberlaender* followed the reasoning of the supreme court in *Department of Public Works & Buildings v. Foreman State Trust & Savings Bank* (1936), 363 Ill. 13, 22, that one part of vacant land does not necessarily have the same value as every other part.

The State responds that the appraiser must determine the value of the whole property and apply that value to the part taken as part of the whole. As authority for its position, the State first cites to Illinois Pattern Jury Instructions, Civil, No. 300.44 (3d ed. 1990) (hereinafter IPI Civil 3d No. 300.44), which states:

> "In arriving at the fair cash market value of the property taken, you should determine its value considered as a part of the whole tract before the taking and not its value as a piece of property separate and disconnected from the rest of the tract." IPI Civil 3d No. 300.44.

■ We find that the State's reliance on this instruction is misplaced. The owner does not seek to value the part of the whole tract taken separately from the remainder of the tract. Rather, it seeks to have the recognizably distinct wetland portions of the tract valued separately from the nonwetland portions, and the property to be

taken, which includes both types of land, valued with reference to its specific share of the value of the whole tract. We find that that end is consistent with instruction No. 300.44.

Similarly, we are not persuaded by the other cases cited by the State. (See *Department of Transportation v. Quincy Coach House, Inc.* (1976), 64 Ill. 2d 350; *Department of Public Works & Buildings v. Lotta* (1963), 27 Ill. 2d 455; *Department of Transportation v. First Bank* (1992), 260 Ill. App. 3d 490; *Department of Transportation ex rel. People v. Central Stone Co.* (1990), 200 Ill. App. 3d 841.) In all these cases, the appraisers valued the land separately from the improvements thereon and did not appraise the value of the land as land. Here, by contrast, the valuation at issue is the value of the land as land. *Forest Preserve District v. Wing* (1922), 305 Ill. 194, also cited by the State is also distinguishable. Unlike this one, the *Wing* case did not address a partial taking.

When the highest and best use of the property is not uniform throughout the tract in question, an appraiser may testify to the highest and best use for the different portions of the full tract involved. (*Department of Public Works & Buildings v. First National Bank* (1973), 9 Ill. App. 3d 633, 636; see also *Department of Transportation v. Mullen* (1983), 120 Ill. App. 3d 268, 281; *Department of Public Works & Buildings v. Hufeld* (1966), 68 Ill. App. 2d 120, 128.) This rule makes sense in light of the purpose of the "just compensation" provision in the constitutions that " '[t]he owner is to be put in the same position monetarily as he would have occupied if his property had not been taken.' " (*Almota Farmers Elevator & Warehouse Co. v. United States* (1973), 409 U.S. 470, 473-74, 35 L. Ed. 2d 1, 7, 93 S. Ct. 791, 794, quoting *United States v. Reynolds* (1970), 397 U.S. 14, 16, 25 L. Ed. 2d 12, 15, 90 S. Ct. 803, 805; *City of Chicago v. Farwell* (1918), 286 Ill. 415, 421.) In addition, this rule does not conflict with the principle of valuing the portion taken as part of the whole and not as a separate parcel. The valuation of the part taken as part of the whole is designed to provide just compensation to the landowner where the land sought to be taken is of greater value when considered as part of the whole than if considered as a parcel by itself. *Tri State Park District v. First National Bank* (1975), 33 Ill. App. 3d 348, 351; see also *Forest Preserve District v. Draper* (1944), 387 Ill. 149, 157-58 (and cases cited therein).

Here, the State seeks to take a portion of the full tract that includes a larger percentage of buildable, nonwetland property than does the tract as a whole. Consequently, the application here of the State's proposed rule, that an appraiser must offer only one valuation

considering the total value of the entire parcel, would misrepresent the value of the specific land portion to be taken. We find that that rule does not follow the law of this State and, thus, that the court's denial of the owner's first motion was in error.

■ We next address the owner's second motion, on the appropriate date of valuation of the property in question. As we have noted above, the State filed its initial condemnation complaint in this case in June 1990. Approximately eight months thereafter, the court allowed the State to amend the complaint and thereby add acreage to the parcel subject to taking. The owner then moved for a new valuation date, arguing that the filing of the amended complaint should change the valuation date.

Section 7—121 of the Code of Civil Procedure provides that the compensation to be paid for condemned property is to be determined "as of the date of filing the complaint to condemn." (735 ILCS 5/7—121 (West 1992).) The question of the effect of the filing of an amended complaint was first addressed by our supreme court in *Lieberman v. Chicago & South Side Rapid Transit R.R. Co.* (1892), 141 Ill. 140. There, the condemning authority amended its petition to condemn to provide a more complete description of the property. The court found that, "so long as there is no attempt to substitute other property for that originally described," an amendment was not tantamount to the filing of a new petition, which would change the valuation date. *Lieberman*, 141 Ill. at 150-51.

In *Department of Public Works & Buildings v. Lanter* (1958), 15 Ill. 2d 33, the court found that an amended petition for condemnation was, in effect, a new petition. The amendment abandoned the taking of certain access rights and added a request to take five acres. The court concluded that the amendment should be treated as a new petition because it presented different legal questions and required different evidence than did the original petition. *Lanter*, 15 Ill. 2d at 38-39.

In *Department of Transportation v. La Salle National Bank* (1981), 102 Ill. App. 3d 1093, the amended petition merely deleted the taking of access rights, but retained the request for the identical 21 acres sought by the original petition. The court held that the amended petition was not tantamount to a new petition and did not require a new valuation date. *La Salle National Bank*, 102 Ill. App. 3d at 1097-99.

Consistent with these authorities, we find that the State's adding of additional property by its amended complaint was tantamount to the filing of a new complaint. This was no mere deletion of rights or property, and it required different evidence than that which was suffi-

cient for the original petition. Since the amendment here added .13 of an acre, the owner is entitled to have the valuation determined as of its filing on February 22, 1991. Consequently, the court erroneously denied the owner's second motion.

Based on the foregoing, we vacate the orders of the circuit court of Du Page County, denying the owner's motions concerning expert valuation and a new valuation date. We remand the cause for further proceedings consistent with this decision.

Orders vacated; cause remanded.

INGLIS, P.J., and DOYLE, J., concur.