THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellant, v. MARY A. KELLEY, as Trustee, *et al.*, Defendants-Appellees.

Third District    No. 3—03—0282

Opinion filed September 10, 2004.

Lisa Madigan, Attorney General, and Robert W. Fioretti (argued) and Leonard A. DesJardins, both of Fioretti, DesJardins & Reda, Ltd., both of Chicago, for appellant.

John E. Peterson (argued), of Peterson Law Office, P.C., of Plainfield, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

The Illinois Department of Transportation (IDOT) filed a complaint for condemnation against Mary Kelley, as trustee under a land trust, to acquire 1.047 acres of land for the purpose of widening an intersection in Plainfield. Defendants' two appraisers valued different portions of land separately, claiming that the condemned acreage

should not be subject to the unit rule of valuation. IDOT filed two pretrial motions to bar their testimony, claiming that their appraisal methods violated the unit rule. The court denied the motions. Plaintiff filed a motion for certification of questions under Supreme Court Rule 308 (134 Ill. 2d R. 308), which the court allowed. We answer the certified questions and remand, finding that dividing indistinct portions of the whole violates the unit rule of valuation.

## I. FACTS

IDOT filed a complaint against the defendant land trust to condemn part of the land pursuant to the "[Fiscal Year] 2000 Highway Improvement Project." IDOT intended to take a 1.047-acre portion of the 289-acre land trust to widen the intersection of Route 59 and 127th Street in Plainfield. The land trust includes a home valued at over $1 million and a second farm residence. The remainder of the property includes farmland and a small segment of wetland along the Du Page River.

The court held a quick-take hearing to determine a preliminary valuation. IDOT's appraiser argued that the entire parcel's highest and best use was mixed-use development. He regarded the whole to be the entire 289 acres owned by the trust. Defendants' appraiser, Arthur Sheridan, used the "sales comparison approach," in which he assigned different square-foot values to areas of the property that had different highest and best uses. Sheridan assigned a higher value to the area from which IDOT was taking the property because, in his opinion, it had commercial potential and was more valuable than the other areas. He did not combine the different values into the whole property. The trial court found the preliminary valuation equal to the amount determined by IDOT's expert.

Defendants then retained a second expert, Andre Brorsen. In his appraisal, Brorsen divided the 289-acre parcel and determined what he considered the most commercially viable 80 acres to be the whole of the property.

IDOT filed a motion for a judicial determination of what constituted the whole property, arguing that Brorsen was violating the unit rule of valuation in his appraisal. The trial court agreed with IDOT and held that the whole property included the entire 289 acres. Defendants then moved for leave to amend Brorsen's appraisal based on the judicial determination. The court granted the motion.

Brorsen then filed a second appraisal in which he divided the 289-acre whole into separate parts according to what he termed three "zones of use": (1) an 80-acre zone of commercial use, (2) a 201-acre zone of residential subdivision use, and (3) a 10-acre zone of residential

estate use. Each discrete zone then had its own value and never became part of the whole. Brorsen claimed that modern appraisal and development trends supported this type of dividing the whole.

IDOT filed a motion to bar Brorsen and Sheridan from testifying, claiming that their appraisals violated the unit rule of valuation. The trial court denied the motion. IDOT filed a Rule 308(a) motion for interlocutory appeal, and the court certified two questions for our review. Both questions present the same general issue: in a partial-taking eminent domain action, does the unit rule of valuation prohibit appraisers from valuing portions of the whole differently and separately from the whole?[1] We believe the unit rule generally prohibits such valuations, except when the property has clearly delineated different highest and best uses.

## ANALYSIS

The fifth amendment to the United States Constitution provides that private property shall not be "taken for public use, without just compensation." U.S. Const., amend. V. Similarly, our state constitution provides that "[p]rivate property shall not be taken or damaged for public use without just compensation as provided by law." Ill. Const. 1970, art. I, § 15. "Just compensation" is determined by the fair cash market value of the property at its highest and best use. *City of Chicago v. Anthony*, 136 Ill. 2d 169, 174 (1990). The purpose of just compensation is to put the property owner in the same economic position as if no condemnation took place; it should not result in financial

---

[1]The certified questions were:

Question I: "Whether in a partial taking eminent domain action the Defendant's expert Sheridan should be barred from testifying pursuant to the Illinois Unit Rule because his appraisal values the part taken at a different value per square foot than other areas of the whole parcel. Further, if Mr. Sheridan is not barred from testifying, may he be cross examined regarding the unit rule and his breaking down the area of the whole into different values per square foot pursuant to the Federal Rules of Evidence 703 and 705 and *Wilson v. Clark*, 84 Ill. 2d 186, 417 N.E.2d 1322 (1981)."

Question II: "Whether Defense expert Brorsen should be barred from testifying where all expert witnesses agree the highest and best use of the whole is 'mixed use development,' and where the Defendant's expert Brorsen bases his opinion of value on an alleged 'modern trend' in appraising real estate called the 'Larger Parcel Theory' which divides the whole into three 'zones of use' according to his opinion of 'highest and best use.' Further if Brorsen is not barred from testifying, whether such testimony is admissible pursuant to the unit rule and subject to cross examination under the Federal Rules of Evidence 703 and 705 and *Wilson v. Clark*, 84 Ill. 2d 186, 417 N.E.2d 1322 (1981)."

improvement or excess. *People ex rel. Director of Finance v. Young Women's Christian Ass'n*, 74 Ill. 2d 561, 572 (1979) (hereinafter *YWCA*), *overruled on other grounds by People v. Ortiz*, 196 Ill. 2d 236 (2001).

■ A "partial taking" occurs when only a portion of a whole tract is taken by eminent domain. *City of Springfield v. West Koke Mill Development Corp.*, 312 Ill. App. 3d 900, 904 (2000). The unit rule provides that, in partial takings, the part taken must be valued as part of the whole, with all capabilities and best uses considered. *Forest Preserve District v. Wing*, 305 Ill. 194, 196 (1922). In short, the taken portion cannot be valued as a separate tract from the whole. The unit rule is echoed in the Illinois Pattern Jury Instructions:

> "In arriving at the fair cash market value of the property taken, you should determine its value considered as a part of the whole tract before the taking and not its value as a piece of property separate and disconnected from the rest of the tract." Illinois Pattern Jury Istructions, Civil, No. 300.44 (2000).

Not every part of a tract will be as valuable as other parts, and different highest and best uses may be used in valuing the tract as a whole. *Department of Public Works & Buildings v. Foreman State Trust & Savings Bank*, 363 Ill. 13 (1936). It may be proper to assign a highest and best use for one portion of the property and a different highest and best use for another. *Department of Public Works & Buildings v. First National Bank of Joliet*, 9 Ill. App. 3d 633 (1973). Numerous assignments of use for different parts of the land does not necessarily conflict with the unit rule because it allows the owner to be made whole; it is an equitable resolution to accurately valuing property with different highest and best uses. *Tri State Park District v. First National Bank of Cicero*, 33 Ill. App. 3d 348, 351 (1975).

The unit rule generally prohibits land, in partial takings, from being valued differently and separately from the whole. *Wing*, 305 Ill. at 196. However, in *Department of Transportation v. HP/Meachum Land Limited Partnership*, 245 Ill. App. 3d 252 (1993), the court extended the unit rule to allow for certain partial takings to be valued separately if there are clearly cognizable different highest and best uses for the land. In partial takings where different portions of the property are recognizably distinct from each other, the different portions may be valued separately from each other. *HP/Meachum*, 245 Ill. App. 3d at 255-56.

*HP/Meachum* involved a partial taking where the whole tract included wetland and nonwetland acreage. IDOT sought to take a portion which was composed primarily of buildable, nonwetland property, but which also contained a small percentage of the nonbuildable, wet-

land property. *HP/Meachum*, 245 Ill. App. 3d at 253. The court found that strict application of the unit rule would misrepresent the true value of the specific portion taken because the recognizably distinct wetland portion was of little value when compared to the buildable, nonwetland property. *HP/Meachum*, 245 Ill. App. 3d at 256-57. The court permitted a narrow extension of the unit rule because it recognized the substantial differences in value between the wetland and nonwetland property; each was easily identifiable and uniform within its respective portion. *Cf. City of Springfield v. West Koke Mill Development Corp.*, 312 Ill. App. 3d 900, 904 (2000) (holding that land which includes highway easement and accompanying drainage ditch may be valued lower than farmland in the same whole).

However, the facts in this case do not provide the same clearly delineated boundaries. Even the defendants' appraisers could not agree as to where one "zone of use" began and another ended. The State's appraiser, on the other hand, stated that the only highest and best use of the whole property was mixed-use development. The vague and somewhat confusing appraisals submitted by defendants' appraisers bring into focus the import and intent of the unit rule, that is, to prevent misrepresentation of the value of condemned property. The purpose of eminent domain is to provide just compensation to the landowner, not to provide a windfall to or financially improve the landowner. *YWCA*, 74 Ill. 2d at 572.

■ In partial takings such as the one here, a court may find that when different uses of the property are easily delineated, a separate valuation may be appropriate. With a less certain standard, the unit rule unravels altogether, and just compensation becomes an increasingly difficult and fluid proposition to resolve. We find no compelling reason to abandon the unit rule in this case.

Accordingly, we hold that defendants' experts may not testify to appraisals that value portions of the subject property separately from the whole.

## CONCLUSION

The certified questions are answered and the cause remanded for further proceedings.

Certified questions answered; cause remanded.

PRESIDING JUSTICE HOLDRIDGE, specially concurring:

The doctrine of *stare decisis* requires this court to follow the unit rule where a partial taking occurs. For that reason, I concur in the majority's answer to the certified question. I write separately in the hope that our supreme court would revisit this issue.

The unit rule, first articulated in Illinois in 1873, requires that the value of the property taken be determined, not based upon its own value, but only as a part of the whole tract held by the landowner. *Page v. Chicago, Milwaukee & St. Paul Ry. Co.*, 70 Ill. 324, 327-28 (1873); see also *Chicago & Evanston R.R. Co. v. Blake*, 116 Ill. 2d 163, 168-69 (1886).

As the majority notes, the unit rule generally prohibits land, in partial takings, from being valued differently and separately from the whole. *Forest Preserve District of Cook County v. Wing*, 305 Ill. 194, 196 (1922). I am aware of no authority to establish that our supreme court has ever departed from the unit rule.

According to the majority, the Second District of the Appellate Court "extended" the unit rule in *Department of Transportation v. HP/Meachum Land Limited Partnership*, 245 Ill. App. 3d 242 (1993), to "allow for certain partial takings to be valued separately if there are clearly cognizable different highest and best uses for the land." 352 Ill. App. 3d at 281. I disagree with this characterization of *HP/Meachum* as a "narrow extension" of the unit rule. Focusing on the differing values of wetland and nonwetland throughout the entire parcel and noting that the taken parcel contained almost no wetland, the *HP/Meachum* court held that application of the unit rule misrepresented the true value of the specific portion taken. *HP/Meachum*, 245 Ill. App. 3d at 254. The court then allowed valuation of the taken parcel in a manner that departed from the fundamental principle of the unit rule, *i.e.*, " 'price per acre or price per square foot' " of the entire parcel. *HP/Meachum*, 245 Ill. App. 3d at 254. In clear contravention of the "unit rule," the *HP/Meachum* court held that "[w]hen the highest and best use of the property is not uniform throughout the tract in question, an appraiser may testify to the highest and best use for the different portions of the full tract involved." *HP/Meachum*, 245 Ill. App. 3d at 256. In other words, the *HP/Meachum* court departed from the unit rule. I would characterize a departure from a rule as an "exception" to, not an extension of, that rule.

In the instant matter, the evidence clearly established that the highest and best use of the property was not uniform throughout the tract in question. Evidence established that there were tracts of commercial, residential, agricultural and wetlands throughout the whole tract. Reading *HP/Meachum* as an exception to the unit rule, I would hold that, where it is possible to differentiate the value of the land to be taken from the whole of the parcel, an appraiser may testify to the value of the different portions of the parcel, including the parcel to be taken.

The purpose to be accomplished in condemnation proceeding is to provide "just compensation" to the landowner as determined by the fair cash market value of the property at its highest and best use. *City of Chicago v. Anthony*, 136 Ill. 2d 169 (1990). The unit rule almost never achieves that purpose. Simply put, the unit rule ignores realities of land valuation and should give way. The approach articulated in *HP/Meachum* is not an extension of the unit rule, but an exception that should be allowed to swallow up the rule. Our supreme court should revisit the issue.

SCHMIDT, J., joins in this special concurrence.