# Illinois Official Reports

## Appellate Court

*Department of Transportation v. Raphael*, 2014 IL App (2d) 130029

| | |
|---|---|
| Appellate Court Caption | THE DEPARTMENT OF TRANSPORTATION, for and on Behalf of the People of the State of Illinois, Plaintiff-Appellee, v. CONCETTA L. RAPHAEL, Defendant-Appellant (Washington Mutual Bank, F.A., n/k/a JPMorgan Chase Bank, N.A.; and Unknown Owners and Nonrecord Claimants, Defendants). |
| District & No. | Second District<br>Docket No. 2-13-0029 |
| Filed<br>Rehearing denied | February 19, 2014<br>June 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In the condemnation of a 10-foot strip of land off a residential parcel next to a highway, the trial court properly granted plaintiff's motion to bar the testimony of the owner's appraiser on the ground that he valued the remainder and taken parts the same without any basis, since a single-family residence was on the remainder and the strip taken contained a driveway, a turn-around area and some lawn, but the trial court erred in denying defendant's motion to bar the testimony of plaintiff's appraiser, because she did not consider the contributory value of the improvements on the remainder when giving a value to the part taken; therefore, the trial court's award of total just compensation was vacated and the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-ED-47; the Hon. Patrick J. Leston, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; judgment vacated; cause remanded. |

Counsel on
Appeal

Patrick J. Kelly, of Helm & Wagner, of Naperville, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for appellee.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Spence concurred in the judgment and opinion.

## OPINION

¶ 1    In this condemnation case, defendant, Concetta L. Raphael (the owner), appeals the trial court's order granting the motion *in limine* of plaintiff, the Illinois Department of Transportation (IDOT), to bar the testimony of the owner's appraiser and denying the owner's motion *in limine* to bar the testimony of IDOT's appraiser. The owner also appeals the trial court's order entering judgment of total just compensation in the amount of $18,000 for the property at issue. We affirm in part, reverse in part, vacate the judgment of total just compensation, and remand for further proceedings.

¶ 2                                 I. BACKGROUND

¶ 3    On September 1, 2010, IDOT filed a complaint for condemnation of the subject property owned by the owner. On October 12, 2010, IDOT filed a motion for immediate vesting of title pursuant to the "quick-take" procedure of section 5-5 of the eminent domain act (735 ILCS 30/20-5-5 (West 2010)). On December 6, 2010, the trial court entered an agreed order stating that the parties agreed to preliminary just compensation of $20,000 ($13,800 for the part taken of the subject property and $6,200 for damages to the remainder); IDOT would be vested with fee simple title to the part taken of the subject property; and final just compensation would be litigated at a later date. On February 17, 2011, IDOT was vested with title to the part taken of the subject property. On April 7, the owner filed a counterclaim for damages to the remainder.

¶ 4    The subject property consisted of a parcel of land located on Route 53, also known as Rowling Road, and 132 feet from I-355 in unincorporated Du Page County. The subject property was improved with a 3,322-square-foot, 2-story single-family home, built in 2000. The home had a full basement, an attached three-car garage, a triple-wide asphalt-paved driveway off Rowling Road, and an asphalt-paved turn-around area. The condemnation proceeding involved the taking of an approximately 871-square-foot strip that consisted of portions of the front lawn, the driveway, and the turn-around area.

¶ 5    Prior to the scheduled jury trial, the owner filed a motion *in limine* seeking to bar IDOT's appraiser, Sharon Metz-Gohla, from testifying, arguing that she failed to consider the contributory value of the improvements located on the remainder when she valued the part taken and that she used different comparable sales to value the whole property and the part taken. IDOT filed a motion *in limine* seeking to bar the owner's appraiser, Kevin Vaught, from testifying, arguing that Vaught's opinions were based on: (1) an improper valuation technique; (2) a valuation technique that did not result in a compensation amount that was fair to both the State and the owner; and (3) an improper and speculative factor. Attached to the parties' motions were their respective appraisers' depositions and appraisal reports.

¶ 6    Metz-Gohla's appraisal report provided a "VALUATION ANALYSIS OF THE PROPERTY," stating:

> "In the valuation analysis, the appraiser has estimated the value of the land as vacant and available for development at the Highest and Best Use. This analysis provides a basis for estimating the value of any rights to be acquired."

Based on five comparable vacant-land sales, Metz-Gohla opined "a value for the land as vacant at $12.50 per square foot." Further, she provided a "VALUATIONS OF THE ANALYSIS OF WHOLE PROPERTY." Metz-Gohla valued the whole property at $420,000, using comparable sales of three properties improved with single-family homes. The three properties sold for $605,500, $510,000, and $420,000. She stated that "[i]mprovements within the Take area include a lawn area, and a portion of an asphalt-paved driveway and a portion of an asphalt parking area." She concluded that, "[u]tilizing the value conclusion indicated by the comparable vacant residential land sales 1, 2, 3, 4, and 5, the appraiser has concluded that a valuation of the Taking, including the contributory value of the improvements in the Take area (871 square feet), at $12,300." Metz-Gohla then stated that "[t]he highest and best use of the property is for the existing single-family style residence to continue." Further, she opined that the damage to the remainder was $5,700 because: (1) the site will be 871 square feet smaller; (2) the new street pavement and curb will be closer to the front yard; and (3) the residence, driveway, access, and garage will not change. Metz-Gohla concluded that total compensation due to the owner was $18,000.

¶ 7    During Metz-Gohla's deposition she testified that when she valued the part taken, she did not consider the contributory value of the single-family home, because it was "not part of the acquisition."

¶ 8    Vaught's appraisal report indicated that he valued the whole property at $475,000, using the sales comparison approach. Vaught based that figure on three comparable sales of properties improved with single-family homes that sold for $449,000, $502,000, and $510,000. The chart attached to Vaught's appraisal showed that the $510,000 comparable property had a similar lot size (13,930 square feet) to the property at issue (13,175), similar living area space (3,737 square feet) to the property at issue (3,322), similar age (3 years) to the property at issue (10 years at time of condemnation), and similar exposure or view (backed to expressway) to the property at issue (132 feet from I-355, and on Route 53). In valuing the part taken, Vaught wrote: "The value of the take lies in its contribution to the whole property, functioning as an integral part of the whole." He valued the part taken at $31,000 as follows:

> "In calculating the value of the part taken, the whole property value of $475,000 divided by the whole land area of 13,175 square feet=36.05 per square foot of land

improved. Applying the unit value to the part taken is calculated as 871 square feet x $36.05=$31,402, rounded to $31,000."

Vaught then considered the value of the remainder. He opined that the "road-widening project will have a significant impact on the subject property's remainder." Vaught explained that Route 53 will be closer to the residence and that the paved parking and turnaround area will be restricted to a one-car parking area or a turnaround area, but not both. Vaught wrote: "This loss results in a diminution in the value of the remaining property." He valued that loss at $34,000, based on comparable sales. Vaught concluded that the compensation due was $65,000.

¶ 9   During Vaught's deposition, he testified as follows. He had never testified as an expert appraiser at a trial in an eminent domain case, but had testified as an expert appraiser in two divorce proceedings. His appraisal was in compliance with the Uniform Standards of Professional Appraisal Practice and he is a State of Illinois certified general real estate appraiser.

¶ 10   After reviewing the parties' briefs and hearing oral argument on the motions, but without hearing testimony from any witnesses, the trial court denied the owner's motion *in limine* and granted IDOT's motion *in limine*. The trial court stated that it relied on *Department of Public Works & Buildings v. Foreman State Trust & Savings Bank*, 363 Ill. 13 (1936), and *City of Springfield v. West Koke Mill Development Corp.*, 312 Ill. App. 3d 900 (2000), in granting IDOT's motion.

¶ 11   IDOT requested the trial court to enter an order setting the amount of total just compensation at $18,000, consistent with Metz-Gohla's opinion. The owner requested that discovery be reopened so that an amended appraisal could be prepared consistent with the trial court's ruling. The trial court stated that it "would only reopen discovery if the other side agrees," and IDOT did not agree to reopen discovery. On August 16, 2012, the trial court granted IDOT's motion for entry of a final judgment consistent with Metz-Gohla's valuation. On August 21, 2012, the trial court filed a "Final Judgment Order, Satisfaction and Release," finding that full and just compensation to the owner for the taking and the damage to the remainder was $18,000, consistent with Metz-Gohla's opinion, and that IDOT was due $2,000 from the original $20,000 deposit.

¶ 12   On September 20, 2012, the owner filed a motion to vacate. The owner also requested that the trial court reconsider its ruling regarding the reopening of discovery and attached to the motion an amended appraisal report prepared by Vaught. On December 13, 2012, after hearing argument, the trial court denied the motion, citing *Illinois, Iowa & Minnesota Ry. Co. v. Humiston*, 208 Ill. 100 (1904), *West Koke Mill*, 312 Ill. App. 3d 900, and *Department of Public Works & Buildings v. Butler*, 5 Ill. App. 3d 134 (1972). The owner filed her notice of appeal on January 9, 2013.

¶ 13                                    II. ANALYSIS

¶ 14   The owner argues that the trial court erred by granting IDOT's motion *in limine* to bar Vaught from testifying. The owner argues that Vaught used the proper method to value the part taken: the uniform unit method. IDOT argues that the trial court properly granted its motion *in limine* because Vaught's method was not consistent with Illinois law. IDOT further argues that

Vaught improperly assigned an equal value to every square foot of the property, regardless of whether it had been improved by a structure or not.

¶ 15 Before discussing the merits of the case, we must address the standard of review. The parties argue that we must review *de novo* the trial court's decision to grant IDOT's motion *in limine* to bar Vaught's testimony, because the issue on appeal is a matter of law. We disagree with the parties.

¶ 16 Whether the facts and data relied upon by a given appraiser are of a type reasonably relied upon by experts in the field of real estate appraisals is a determination left to the sound discretion of the trial court. *City of Chicago v. Anthony*, 136 Ill. 2d 169, 186 (1990). Thus, we will not disturb a trial court's decision to bar an appraiser's testimony absent a clear abuse of discretion. *City of Quincy v. Diamond Construction Co.*, 327 Ill. App. 3d 338, 343 (2002). Further, a trial court's ruling on a motion *in limine* regarding the admission or exclusion of evidence is reviewed under the abuse-of-discretion standard. *Maggi v. RAS Development, Inc.*, 2011 IL App (1st) 091955, ¶ 61.

¶ 17 The owner cites *Forest Preserve District v. First National Bank of Franklin Park*, 2011 IL 110759, to support her argument that we should review *de novo* the trial court's decision to grant IDOT's motion *in limine*. However, in *First National Bank of Franklin Park*, the supreme court did not review a decision to grant a motion *in limine*. Thus, *First National Bank of Franklin Park* is not applicable to this case. We now turn to the merits of this appeal.

¶ 18 The unit rule provides that, in partial takings, the part taken must be valued as part of the whole, considering its best use. *Department of Transportation v. Kelley*, 352 Ill. App. 3d 278, 281 (2004). However, not every part of a tract will be as valuable as other parts. *Foreman State Trust*, 363 Ill. at 21-22. Thus, the unit rule does not require the whole property to be valued on a single proportionate per-square-foot basis, ignoring the difference between the values of the part taken and the remainder. See *Department of Transportation v. HP/Meachum Land Ltd. Partnership*, 245 Ill. App. 3d 252, 255-56 (1993).

¶ 19 The parties have not directed our attention to any case comparable to the case at bar. However, in *Meachum*, we addressed a situation similar to this case, except in *Meachum* the land at issue was vacant. *Id.* at 253. Further, in *Meachum*, the land consisted partly of buildable nonwetland and partly of nonbuildable wetland. *Id.* IDOT condemned a portion consisting almost entirely of buildable nonwetland and argued that an appraiser must offer only one value for the whole property and apply that value proportionately to the part taken. *Id.* at 255. We held the following:

> "Here, the State seeks to take a portion of the full tract that includes a larger percentage of buildable, nonwetland property than does the tract as a whole. Consequently, the application here of the State's proposed rule, that an appraiser must offer only one valuation considering the total value of the entire parcel, would misrepresent the value of the specific land portion to be taken. We find that that rule does not follow the law of this State ***." *Id.* at 256-57.

Similarly, in *City of Springfield v. West Koke Mill Development Corp.*, 312 Ill. App. 3d 900, 905 (2000), an appraiser valued the remainder of the property higher than the part taken, because part of the part taken was encumbered by a permanent easement and the rest of it was suitable for use only as a drainage area. On appeal, the owner argued that it was " 'entitled to

have the entire property valued on a unit basis, *i.e.*, by value per square foot, taking into consideration the good and the bad and arriving at a homogenous unit value for the entire property.' " *Id*. The appellate court disagreed with the owner, stating that no authority stood for the proposition that "a landowner is entitled to have his property evaluated on a strict per-square-foot basis." *Id*. at 906. The appellate court further stated that " 'the whole does not necessarily equal the sum of the parts.' " *Id*. at 905 (quoting *Department of Public Works & Buildings v. Lotta*, 27 Ill. 2d 455, 456 (1963)).

¶ 20     In this case, Vaught's valuation method was improper. To determine the value of the part taken, Vaught assigned a uniform square-foot value to the entire property. Vaught assumed that every part of the property was as valuable as every other part, despite the fact that the remainder contained a single-family home and the part taken was a 10-foot-strip containing only parts of a lawn, an asphalt-paved driveway, and an asphalt-paved turnaround area. Because the part taken could not be used for any other purpose, *i.e.*, it was nonbuildable, Vaught's valuation method misrepresented the value of the "specific land portion to be taken." *Meachum*, 245 Ill. App. 3d at 257. Vaught assumed, without basis, that the part taken was as valuable as the remainder. Therefore, Vaught's opinion testimony would have been improper. The owner's claim that the unit rule requires a determination based upon a uniform square-foot valuation misapplies the unit rule in this case. Such a calculation would be appropriate were the entire property, the part taken and the remainder, homogeneous.

¶ 21     Our analysis here comports with our supreme court's decision in *Foreman State Trust*, 363 Ill. 13. In *Foreman State Trust*, the Department's witnesses testified that they did not consider the part taken to be as valuable as one of the remaining tracts, because the part taken was farther away from a country club than that remaining tract. *Id*. at 16. Relying on *Humiston*, 208 Ill. 100, the owner argued on appeal that the witnesses' testimony was improper because they valued the part taken as a separate piece of property rather than as a part of the entire property. *Foreman State Trust*, 363 Ill. at 21. The owner further argued that "one part of his land was as valuable as the other." *Id*. The supreme court disagreed with the owner's interpretation of *Humiston*, stating:

> "Because improvements on one part of a tract add to the value of the vacant land, when used in connection with the improvements, it does not follow that the vacant land is as valuable as the land which has the improvements on it, nor does it mean that every part of the vacant land is as valuable as every other part." *Id*. at 22.

¶ 22     In this case, there was no basis for Vaught's appraisal valuing every part of the property the same, where the remainder had a single-family home on it and the part taken, a 10-foot-strip, consisted of parts of a lawn, an asphalt-paved driveway, and an asphalt-paved turnaround area. Although the land in this case was not vacant, we see no reason to depart from the reasoning above. The purpose of a condemnation proceeding is to place the landowner, or condemnee, in the same economic position as if no condemnation occurred, not to improve the condemnee's financial status. *Kelley*, 352 Ill. App. 3d at 280-81. Therefore, the trial court did not abuse its discretion by barring Vaught's testimony.

¶ 23     Next, the owner argues that the trial court erred by denying her motion *in limine* to bar Metz-Gohla from testifying. The owner argues that Metz-Gohla's method violated Illinois law because she failed to consider the contributory value of the improvements within the remainder when valuing the part taken.

¶ 24    In valuing the part taken, appraisers must consider the contributory value of improvements that are contained in the remainder. *Department of Transportation v. Zabel*, 47 Ill. App. 3d 1049, 1053 (1977). In *Zabel*, the appellate court held that the trial court properly struck IDOT's valuation witness, because in valuing the part taken he did not include the contributory value of the buildings present on the remainder. *Id*.

¶ 25    Similarly, in this case, Metz-Gohla failed to consider the contributory value of the improvements within the remainder when valuing the part taken. Contrary to her own opinion that the highest and best use of the whole property was residential, Metz-Gohla estimated the value of the part taken as vacant. She then valued the part taken on a per-acre basis, based only on comparable vacant-land sales. Metz-Gohla added $1.50 per acre for the contributory value of the improvements contained only on the part taken: asphalt and grass. She testified that, when she valued the part taken, she did not consider the contributory value of the single-family home, because it was "not part of the acquisition." Thus, Metz-Gohla's valuation method was improper and the trial court abused its discretion by denying the owner's motion *in limine* to bar her testimony.

¶ 26                                III. CONCLUSION

¶ 27    For the reasons stated, we affirm in part, reverse in part, vacate the judgment of total just compensation, and remand for further proceedings consistent with this opinion.

¶ 28    Affirmed in part and reversed in part; judgment vacated; cause remanded.